

STEVE W. BERMAN (*pro hac vice* pending)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com

ELAINE T. BYSZEWSKI (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
E-mail: elaine@hbsslaw.com

UREKA E. IDSTROM (*pro hac vice* pending)
THE EUREKA LAW FIRM
6744 Holmes Road
Kansas City, MO 64131
*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIN ALLEN, on behalf of herself and
all others similarly situated,

                                    Plaintiff,

        v.

CONAGRA FOODS INC., a Delaware
corporation,

                                    Defendant.

No.

**CLASS ACTION COMPLAINT**

DEMAND FOR JURY TRIAL

CLASS ACTION COMPLAINT

010360-10 596143 V1

Case No.:

**TABLE OF CONTENTS**

**Page(s)**

I.      OVERVIEW ..................................................................................... 1

II.     JURISDICTION .............................................................................. 2

III.    PARTIES ........................................................................................ 2

IV.     FACTUAL ALLEGATIONS ........................................................... 3

    A.      Defendant failed to comply with State and Federal laws governing the labeling of Fat and Calories on Product Labels ....................................... 4

        a.      Defendant failed to adequately disclose the amount of fat and calories in Parkay Spray by using unlawful serving sizes ............. 5

        b.      Defendant made unlawful "fat free" and "zero calories" nutrient content claims ............................................................................. 7

    B.      Defendant was aware that Parkay Spray was mislabeled based on consumer complaints and FDA warning letters ....................................... 9

    C.      Plaintiff could not have discovered, in the exercise of reasonable diligence, that Defendant's product labels were misleading ................ 10

    D.      Defendant's misrepresentations cause Plaintiff and the Class ascertainable damages and injury ........................................................... 11

V.      CLASS ACTION ALLEGATIONS ................................................. 12

VI.     CAUSES OF ACTION .................................................................. 16

FIRST CAUSE OF ACTION Unjust Enrichment / Common Law Claim for Restitution ................................................................................................ 16

SECOND CAUSE OF ACTION Fraud By Concealment ........................... 17

THIRD CAUSE OF ACTION Breach of Express Warranty ...................... 18

FOURTH CAUSE OF ACTION Intentional Misrepresentation ............... 19

FIFTH CAUSE OF ACTION Violations of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*) ................................................................. 19

SIXTH CAUSE OF ACTION Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) ................................................ 21

PRAYER FOR RELIEF ............................................................................ 29

CLASS ACTION COMPLAINT - i

JURY TRIAL DEMAND ............................................................................................. 30

CLASS ACTION COMPLAINT - ii

010360-10 596143 V1

Case No.:

Plaintiff Erin Allen brings this action on behalf of herself and all others similarly situated against ConAgra Foods, Inc. ("ConAgra"). Plaintiff's allegations against Defendant are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## I.    OVERVIEW

1.    This is a putative class action on behalf of a class of persons seeking redress for Defendant's deceptive practices in its labeling and marketing of Parkay Spray.

2.    Consumers are increasingly health conscious and, as a result, many consumers are interested in fat-free and calorie-free food alternatives for themselves and their families.

3.    Defendant's Parkay Spray is deceptively labeled, marketed and sold to Plaintiff and other consumers as having "0 fat" and "0 calories."

4.    In reality, Defendant's Parkay Spray is neither "Fat Free" nor "Calorie Free." Parkay Spray contains 832 calories and 93 grams of fat per bottle.

5.    Defendant's claims regarding Parkay Spray are false and misleading because its product is improperly labeled "fat free," "0 fat" and "0 calories."

6.    Defendant's claims regarding Parkay Spray are false and misleading because its product labels include artificially small "serving sizes" that fail to account for the manner in which these products are customarily consumed.

CLASS ACTION COMPLAINT - 1

7.     Defendant's claims regarding Parkay Spray are false and misleading because its labels do not disclose that Parkay Spray contains ingredients that are fats which, even in small quantities, add certain amounts of fat per serving.

8.     As a result of its deceptive marketing and advertising, Defendant has generated substantial revenues from the sale of Parkay Spray.

## II.     JURISDICTION

9.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d) because the amount in controversy for the Class exceeds $5,000,000, and Plaintiff and other putative Class members are citizens of a different state than Defendant.

10.     This Court has personal jurisdiction over Plaintiff Erin Allen because she submits to the Court's jurisdiction.  This Court has personal jurisdiction over the Defendant because it conducts substantial business in the District and thus has sufficient minimum contacts with this District and California.

11.     Venue is proper in this Court because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District. Defendant distributed, advertised and sold Parkay Spray, which is the subject of the present complaint, in this District.

## III.     PARTIES

12.     Plaintiff Erin Allen is, and was at all relevant times, a citizen of California.  Plaintiff purchased and consumed Parkay Spray in grocery stores in and around her home in Dublin, California during the Class Period for personal, family, and household purposes.  Plaintiff saw and read ConAgra's misrepresentations that

CLASS ACTION COMPLAINT - 2

Parkay Spray contains "0 Fat" and "0 Calories" and relied on such misrepresentations in deciding to purchase Parkay Spray. Plaintiff Allen would not have purchased Parkay Spray had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray.

13.    Defendant ConAgra Foods is a for-profit, Delaware corporation with its principal place of business in Omaha, Nebraska. Defendant manufactures and markets brand name food products throughout the nation, including California.

## IV.    FACTUAL ALLEGATIONS

14.    With approximately $20 billion in annual sales, ConAgra Foods is the second largest packaged-food company in America, serving consumer grocery retailers as well as restaurants and other foodservice establishments.

15.    ConAgra's success admittedly depends on its "ability to identify the tastes and dietary habits of consumers and to offer products that appeal to their preferences, including concerns of consumers regarding health and wellness, obesity, product attributes and ingredients." ConAgra Foods, 2012 Annual 10-K, p. 10.

16.    As noted by ConAgra's Director of Marketing, "Consumers increasingly have been paying greater attention to their diets, from looking to cut carbs and cholesterol to watching fat and sodium intake."

17.    In 1998, ConAgra purchased the consumer brand, Parkay, a line of margarines in spreadable, sprayable and squeezeable forms.

---

CLASS ACTION COMPLAINT - 3

18. ConAgra markets its Parkay products as a "guilt-free" alternative to butter and an "excellent dietary choice." This is, in fact, the central message of Parkay's "talking tub campaign" which was first introduced in 1973, "The label says 'Parkay,' the flavor says butter."

19. ConAgra markets one particular line of margarines, Parkay Spray as a "0 calories", "0 fat" and "fat-free" topping for foods. Such representations are made on various company websites, through press releases and in television media.

20. As described herein, ConAgra's representations are false and misleading because:

a. Parkay Spray does not qualify as "0 fat" or "fat-free" as a matter of law;

b. Parkay Spray does not qualify as "0 calories" as a matter of law;

c. Parkay Spray uses artificially small serving sizes to understate the amount of fat and calories in the product; and

d. Parkay Spray does not disclose that certain ingredients supply "trace amounts of fats" as required by law.

A.   **Defendant failed to comply with State and Federal laws governing the labeling of Fat and Calories on Product Labels**

21. The Food Drug and Cosmetic Act ("FDCA") regulates the proper labeling of food. 21 U.S.C. §§ 301 *et seq.*

CLASS ACTION COMPLAINT - 4

22.    It also vests the Food and Drug Administration ("FDA") with the authority to "protect the public health by ensuring that foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. §393(b)(2)(A).

23.    Pursuant to this authority, the FDA has promulgated a comprehensive set of regulations pertaining to labeling requirements. 21 C.F.R. §101.1 *et seq.*

24.    Defendant misled consumers by failing to comply with this regulatory scheme.

25.    Specifically, during the Class Period, Defendant did not (1) adequately disclose the level of fat and calories per serving in accordance with 21 U.S.C. §343(q); and (2) made "fat free" and "zero calories" nutrient content claims in violation of 21 U.S.C. § 343(r).

> **a.    Defendant failed to adequately disclose the amount of fat and calories in Parkay Spray by using unlawful serving sizes**

26.    21 U.S.C. § 343(q) governs the disclosure of nutrition information on a product label. It deems a food misbranded unless its label or labeling discloses the total number of calories per serving and the amount of total fat per serving.

27.    The regulations define a "serving size" as an amount of food "customarily consumed" per eating occasion which must be "based on consumption data under actual conditions of use." 21 C.F.R. §101.9(b)(1).

28.    As depicted below, Defendant's label defines one serving as one to five sprays. This artificially small serving size fails to account for the manner in which

CLASS ACTION COMPLAINT - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22  consumers use its product and does not comport with the serving sizes established by

23  the Food and Drug Administration at 21 C.F.R. §101.12(b).

24
25
26
27
28

CLASS ACTION COMPLAINT - 6

29.     Because Defendant used improper serving sizes in calculating the amount of fat and calories per serving, Defendant failed to adequately disclose the amount of fat and calories in Parkay Spray as required by law.

**b.     Defendant made unlawful "fat free" and "zero calories" nutrient content claims**

30.     Express nutrient content claims are any direct statement about the level (or range) of a nutrient in food that appears outside of the nutrition panel. 21 C.F.R. §101.13(b). The phrases "fat free" and "zero calories" are two such claims.

31.     A product that uses unlawful serving sizes cannot claim to be "fat free" or "zero calories." 21 C.F.R. §101.62(a)(3); 21 C.F.R. §101.60(a)(3).

32.     Additionally, a product cannot claim to be "fat free" if it contains an added "ingredient that is a fat or is generally understood by consumers to contain fat unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states 'adds a trivial amount of fat' 'adds a negligible amount of fat' or 'adds a dietarily insignificant amount of fat.'" 21 C.F.R. §101.62.

33.     Despite using unlawful serving sizes, Defendant prominently displayed the phrases "zero calories" and "fat free" on its product labels.

CLASS ACTION COMPLAINT - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19    34.    And while Defendant listed "soybean oil" and "buttermilk" in its

20  ingredient list, these terms were not followed by an asterisk and any language

21

22  disclosing the presence of fat.

23    35.    Defendant's failure to disclose trace amounts of fat renders its product

24

25  false and misleading.

26

27

28

CLASS ACTION COMPLAINT - 8

**B.    Defendant was aware that Parkay Spray was mislabeled based on consumer complaints and FDA warning letters**

36.    Defendant knew or should have known that its product was mislabeled and engendered confusion among consumers. The internet is replete with complaints echoing that of the named plaintiff.  For example, a contributor to the website "that's fit" writes, "This issue makes me furious –so often products that are full of fat, and even transfats, designate completely ridiculous serving sizes, then 'round' the fat down to zero.  Often, they won't even have on the label anywhere what the actual fat content is.  So people think there's no fat when there's a ton." Similarly, a contributor to the website caloriecount.com writes, "This is exactly what the marketing of this product was supposed to do – make you believe… that we are consuming less calories than we actually are."

37.    On many occasions, consumers have contacted the company directly about its fat and calorie claims only to receive vague and misleading responses. For example, a contributor to the website "3 fat chicks on a diet" explains that in response to an angry letter regarding the misleading fat and calorie content of Parkay Spray "I got a canned nice nice response and never heard anything else, somehow I am not surprised!"

38.    In March of 2004, the FDA issued a guidance letter to the food industry that indicated the FDA was concerned about the use of improper serving sizes.  The letter stated:

CLASS ACTION COMPLAINT - 9

Dear Food Manufacturer:

As you are aware, the Food and Drug Administration (FDA) is involved in an initiative to give consumers helpful information that will enable them to make more informed choices about their diets and lifestyle in an effort to reduce the incidence of overweight and obesity in the United States. A key component in providing nutrient information to consumers is the "Nutrition Facts" panel on food packages. In order for this nutrition information to be useful to consumers, it must be accurate and based on a meaningful amount of food. After the Nutrition Labeling and Education Act was enacted, thereby mandating nutrition labeling, FDA promulgated regulations that specify how serving size must be derived from an appropriate reference amount for the food commodity in question... Therefore, we are taking this opportunity to remind the food industry about the rules for determining an appropriate serving size. Manufacturers must use the information provided in Title 21 of the Code of Federal Regulations (CFR) sections 101.9(b) and 101.12 to determine a specific serving size for their products...[1]

FDA encourages the food industry to review their nutrition information and assure that the serving size declared is appropriate for the commodity in question. FDA also encourages manufacturers to refer to our guidance documents at www.cfsan.fda.gov for additional information on serving sizes.

39.     Defendant ignored these consumer complaints and the FDA's guidance and continued to use its deceptive and misleading product labels.

**C.   Plaintiff could not have discovered, in the exercise of reasonable diligence, that Defendant's product labels were misleading**

40.     Plaintiff was a reasonably diligent consumer looking for products that were fat-free and calorie-free alternatives to butter. Nevertheless, Plaintiff did not discover that ConAgra's labeling was false, deceptive, or misleading until March 2013.

---

[1] Letter to Food Manufacturers about Accurate Serving Size Declaration on Food Products, March 12, 2004, available online at:
http://www.fda.gov/Food/LabelingNutrition/FoodLabelingGuidanceRegulatoryInformation/InspectionCompliance/WarningOtherLetters/ucm110234.htm (last accessed July 20, 2012).

CLASS ACTION COMPLAINT - 10

41.     Plaintiff was unaware that Parkay Spray contained 93 grams of fat and 832 calories per bottle and did not quality as "fat free" or "calorie free" based on amounts customarily consumed. Plaintiff was also unaware that Parkay Spray contained added ingredients that supplied certain amounts of fat per serving.

42.     Plaintiff is not a nutritionist, food expert, or food scientist; Plaintiff is a lay consumer who did not possess Defendant's specialized knowledge or food testing capabilities which would have otherwise enabled her to see through Defendant's deceptive marketing and advertising.

43.     Plaintiff, in the exercise of reasonable diligence, could not have discovered Defendant's practices earlier because, like nearly all consumers, Plaintiff does not have food testing capabilities whereby she could have uncovered the true nutritional content of Parkay Spray.

**D.     Defendant's misrepresentations cause Plaintiff and the Class ascertainable damages and injury**

44.     Plaintiff purchased Parkay Spray believing it contained "0 fat" and "0 calories" based on ConAgra's deceptive advertising and misrepresentations.

45.     Parkay Spray costs more than similar products without misleading advertisements and misrepresentations, and would have cost less absent the false and misleading statements.

46.     Plaintiff and members of the Class paid more for Parkay Spray than they otherwise would have had they not been misled by the false and misleading

---

CLASS ACTION COMPLAINT - 11

advertisements and misrepresentations complained of herein.  Plaintiff and members of the Class would not have purchased Parkay Spray at the prices they did, or would not have purchased Parkay Spray at all, absent Defendant's false and misleading misrepresentations.

47.   For these reasons, Parkay Spray was worth less than what Plaintiff and members of the Class paid for it.

48.   Plaintiff and members of the Class were induced to and did purchase Parkay Spray instead of competing products based on the false statements and misrepresentations described herein.

49.   Instead of receiving products that have the advantages inherent in being "fat-free" and "zero calories," Plaintiff and members of the Class received products that were a significant source of fat and calories.

50.   Plaintiff and members of the Class lost money as a result of ConAgra's deception in that they did not receive what they paid for.

51.   Plaintiff and members of the Class altered their position to their detriment and suffered damages in an amount equal to the amount they paid for Parkay Spray.

## V.   CLASS ACTION ALLEGATIONS

52.   Plaintiff seeks certification of a Class defined as follows:

> All persons nationwide who purchased Parkay Spray ("The Class"). Excluded from the Class are Defendant; the officers, directors or employees of Defendant; any entity in which

CLASS ACTION COMPLAINT - 12

Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant; also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action and those claiming that they have suffered any personal injury as a result of consuming Defendant's misbranded products.

53.  Plaintiff seeks certification of a Subclass defined as:

All persons in the State of California who purchased Parkay Spray.  Excluded from the Subclass are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant; also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action and those claiming that they have suffered any personal injury as a result of consuming Defendant's misbranded products.

54.  Plaintiffs do not know the exact number of Class and Subclass members at the present time.  However, due to the nature of the trade and commerce involved, there are many thousands of class members, such that joinder of all Class members is impracticable.

55.  The Class is readily ascertainable through Defendant's business records and notice can be provided by publication and through techniques similar to those customarily used in other consumer fraud cases and complex class actions.

56.  There are questions of law and fact common to the Class and Subclass. Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class who were similarly affected by

CLASS ACTION COMPLAINT - 13

having purchased Parkay Spray for their intended and foreseeable purpose as a "fat-free" and "0 calorie" topping.

57.     Plaintiff asserts claims that are typical of the Class and Subclass. Plaintiff and all Class members have been subjected to the same wrongful conduct because they have all purchased Parkay Spray which was mislabeled "fat free," "0 fat" and "0 calories." Like other members of the class, Plaintiff overpaid for Parkay Spray and/or purchased a product that she otherwise would not have.

58.     Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass.  Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

59.     Class certification is appropriate because Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

60.     Class certification is appropriate because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class and Subclass, including, *inter alia*, the following:

   a. Whether Defendant misrepresented or omitted material facts in connection with the promotion, marketing, advertising, packaging, labeling and sale of Parkay Spray;

   b. Whether Defendant represented that Parkay Spray has characteristics, benefits, uses or qualities that it does not have;

CLASS ACTION COMPLAINT - 14

c. Whether Defendant's nondisclosures and misrepresentations would be material to a reasonable consumer;

d. Whether the nondisclosures and misrepresentations were likely to deceive a reasonable consumer in violation of the consumer protection statutes of the various states;

e. Whether the nondisclosures and misrepresentations were likely to deceive a reasonable consumer in violation of the CLRA and UCL;

f. Whether the nondisclosures and misrepresentations constitute an unlawful business practice in violation of the UCL;

g. Whether the nondisclosures and misrepresentations constitute an unfair business practice in violation of the UCL;

h. Whether ConAgra breached an express warranty made to Plaintiffs and the Class;

i. Whether ConAgra intentionally misrepresented that Parkay Spray is "fat free" and "zero calories";

j. Whether Defendant's unlawful, unfair and/or deceptive practices harmed Plaintiff and the members of the Class;

k. Whether Defendant was unjustly enriched by its deceptive practices; and

l. Whether Plaintiff and the members of the Class are entitled to damages, restitution, and/or equitable or injunctive relief.

61.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all the individual Class and Subclass members is impracticable. Furthermore, because the restitution and damages suffered, and continue to be suffered, by each individual Class member

CLASS ACTION COMPLAINT - 15

1   may be relatively small, the expense and burden of individual litigation would make

2   it very difficult or impossible for individual Class members to redress the wrongs

3   done to each of them individually and the burden imposed on the judicial system

4

5   would be enormous.

6        62.   The prosecution of separate actions by the individual Class and Subclass

7   members would create a risk of inconsistent or varying adjudications with respect to

8   individual Class members, which would establish incompatible standards of conduct

9   for Defendant.  In contrast, the conduct of this action as a class action presents far

10   fewer management difficulties, conserves judicial resources and the parties'

11

12   resources, and protects the rights of each Class member.

13                    **VI.   CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

14           **Unjust Enrichment / Common Law Claim for Restitution**

15

16        63.   Plaintiff realleges and incorporates by reference all paragraphs alleged

17   herein.

18        64.   Plaintiff brings this claim individually and on behalf of the Nationwide

19   Class.

20        65.   Although there are numerous permutations of the elements of the unjust

21

22   enrichment cause of action in the various states, there are few real differences.  In all

23   states, the focus of an unjust enrichment claim is whether the defendant was unjustly

24   enriched.  At the core of each states' law are two fundamental elements – the

25   defendant received a benefit from the plaintiff and it would be inequitable for the

26   defendant to retain that benefit without compensating the plaintiff.  The focus of the

27   inquiry is the same in each state.

28

                                                

66.   Plaintiff and the Class members conferred a benefit on the Defendant by purchasing Parkay Spray.

67.   Defendant has been unjustly enriched in retaining the revenues from Class members' purchases of Parkay Spray, which retention under these circumstances is unjust and inequitable because Defendant falsely represented that Parkay Spray was free of calories and fat which caused injuries to Plaintiff and Class members because they paid a price premium due to the mislabeling of Parkay Spray.

68.   Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

69.   Plaintiff, therefore, seeks an order requiring ConAgra to make restitution to them and other members of the Class.

### SECOND CAUSE OF ACTION
### Fraud By Concealment

70.   Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

71.   As set forth above, ConAgra concealed material facts concerning the nutritional content of Parkay Spray.  ConAgra had a duty to make these disclosures based on its superior knowledge regarding the composition of its product, as well as its affirmative misrepresentations to the contrary.

72.   ConAgra actively concealed material facts, in whole or in part, with the intent to induce Plaintiff and members of the Class to purchase Parkay Spray.

---

CLASS ACTION COMPLAINT - 17

73.     Plaintiff and the Class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed facts.

74.     As a result of the concealment of the facts, Plaintiff and the Class sustained damage in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Breach of Express Warranty

75.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

76.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

77.     Defendants expressly warranted in their marketing, advertising and promotion of Parkay Spray that Parkay Spray is "fat free", "0 calories" and "0 fat."

78.     Plaintiff and members of the Class purchased Parkay Spray based on these express warranties.

79.     Parkay Spray is not, however, "fat free", "zero calories" or "0 fat" as expressly warranted.

80.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's breach because: (1) they purchased Parkay Spray and/or at a premium based on Defendant's misleading product labels and (2) Parkay Spray did not have the composition, attributes, characteristics, nutritional content or value as promised.

**FOURTH CAUSE OF ACTION**
**Intentional Misrepresentation**

81.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

82.     Defendant materially and intentionally mislabeled Parkay's nutritional values as alleged herein.

83.     Defendant's misrepresentations about the fat and calorie content of Parkay Spray were intended to influence the purchasing decisions of Plaintiff and members of the Class who justifiably relied upon the accuracy of Defendant's labels.

84.     Defendant's misrepresentations caused Plaintiff and the Class to purchase a product that they would not have otherwise purchased and/or at a price that they would not have otherwise paid.

**FIFTH CAUSE OF ACTION**
**Violations of the Consumer Legal Remedies Act**
**(Cal. Civ. Code § 1750, *et seq.*)**

85.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

86.     Plaintiff brings this claim individually and on behalf of the California Subclass.

87.     Defendant is a "person" under CAL. CIV. CODE § 1761(c).

88.     Plaintiff is a "consumer," as defined by CAL. CIV. CODE § 1761(d), who purchased Parka Spray sold by Defendant.

89.     CAL. CIV. CODE § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristic, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval,

CLASS ACTION COMPLAINT - 19

status, affiliation, or connection which he or she does not have." Defendant violated this provision by misrepresenting that Parkay Spray is "fat free", "0 calories" and "0 fat."

90.   CAL. CIV. CODE § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Defendant violated this provision by misrepresenting that Parkay Spray is "fat free", "0 calories" and "0 fat."

91.   CAL. CIV. CODE § 1770(a)(9) prohibits "[r]epresenting goods or services with intent not to sell them as advertised." Defendant violated this provision by misrepresenting that Parkay Spray is "fat free", "0 calories" and "0 fat."

92.   Plaintiff and the Subclass suffered lost money or property as a result of these violations because: (a) they would not have purchased Parkay Spray on the same terms if the true facts concerning this product had been known; (b) they paid a premium due to the false representations about the products; and (c) Parkay Spray is not "fat free", "zero calories" or "0 fat."

93.   As a result of these violations, Defendant has caused and continues to cause actual damage to Plaintiff and members of the Subclass and, if not stopped, will continue to harm them.

94.   In accordance with Civil Code § 1780(a), Plaintiff and members of the Subclass seek injunctive and equitable relief for Defendant's violations of the CLRA. In addition, after mailing appropriate notice and demand in accordance with Civil Code § 1782(a) & (d), Plaintiff will subsequently amend this Complaint to also include a request for damages. Plaintiff and members of the Subclass request that this Court enter such orders or judgments as may be necessary to restore to any

CLASS ACTION COMPLAINT - 20

person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief, including attorneys' fees and costs, as provided in Civil Code § 1780 and the Prayer for Relief.

95.     Plaintiff includes an affidavit with this Complaint that shows venue in this District is proper, to the extent such an affidavit is required by CAL. CIV. CODE § 1780(d) in federal court.

### SIXTH CAUSE OF ACTION
### Violation of the California Unfair Competition Law
### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

96.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

97.     Plaintiff brings this claim individually and on behalf of the California Subclass.

98.     California Business and Professions Code § 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice." ConAgra has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL.

99.     ConAgra has violated the unlawful prong by its violation of the CLRA described above.

100.    ConAgra has violated the fraudulent prong of section 17200 because the misrepresentations and omissions regarding the nutritional content of Parkay Spray as set forth in this Complaint were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

101.    ConAgra has violated the unfair prong of section 17200 because the acts and practices set forth in the Complaint offend established public policy and because

---

CLASS ACTION COMPLAINT - 21

1   the harm they cause to consumers greatly outweighs any benefits associated with

2   those practices. ConAgra's conduct has also impaired competition within the butter-

3   substitute market and has prevented Plaintiff from making fully informed decisions

4   about whether to purchase Parkay Spray and/or the price to be paid. Defendant's

5   conduct also offends established public policy.

6

7   102.  The Named Plaintiff has suffered injury in fact, including the loss of

8   money or property, as a result of Defendant's unfair, unlawful and/or deceptive

9   practices. As set forth in the allegations concerning Plaintiff, in purchasing Parkay

10   Spray the Plaintiff relied on the misrepresentations and omissions of ConAgra. Had

11   the she known the truth about Parkay Spray's fat and calorie content, she would not

12   have purchased Parkay Spray and/or paid as much for it.

13

14   103.  All of the wrongful conduct alleged herein occurred, and continues to

15   occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part

16   of a pattern or generalized course of conduct that is still perpetuated and repeated

17   throughout the State of California.

18

19   104.  Plaintiff requests that this Court enter such orders or judgments as may

20   be necessary to enjoin Defendant from continuing their unfair, unlawful, and/or

21   deceptive practices and to restore to Plaintiff and members of the Subclass any

22   money ConAgra acquired by unfair competition, as provided in CAL. BUS. & PROF.

23   CODE § 17203, and for such other relief set forth below.

### SEVENTH CAUSE OF ACTION
### Violation of the Consumer Protection Acts of the Various States

105.  Plaintiff realleges and incorporates the allegations elsewhere in the
Complaint as if set forth in full herein.

---

CLASS ACTION COMPLAINT - 22

106.   Plaintiff brings this claim individually and on behalf of the Nationwide Class.

107.   By mislabeling and selling Parkay Spray as "fat-free" "0 calories and "0 fat" when in fact it is not, Defendant has engaged in unfair competition or unlawful, unfair, misleading, unconscionable, or deceptive acts in violation of the state consumer statutes below:

108.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code. §§8.19-1, *et seq.*

109.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. Code §§ 45.50.471, *et seq.*

110.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat §§ 44-1522, *et seq.*

111.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code Ann. §§ 4-88-107, *et seq.*

112.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. §§ 6-1-101, *et seq.*

113.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. §§ 42-110b, *et seq.*

114.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Del. Code Ann. tit. 6, §§ 2511, *et seq.*

115.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code Ann. §§ 28-3901, *et seq.*

116.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. Ann. §§ 501.201, *et seq.*

117.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Code Ann. §§ 10-1-392, *et seq.*

118.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. §§ 480, *et seq.*

119.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code §§ 48-601, *et seq.*

120.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 Ill. Comp. Stat. 505/1, *et seq.*

121.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. §§ 24-5-0.5-1, *et seq.*

122.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code §§ 714.16, *et seq.*

123.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. §§ 50-623, *et seq.*

124.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat.  Ann. §§ 367.110, *et seq.*

CLASS ACTION COMPLAINT - 24

Case No.:

125.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. §§51:1404, *et seq.*

126.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Me. Rev. Stat. tit. 5, §§ 205-A, *et seq.*

127.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Code. Ann., Com. Law §§ 13-101, *et seq.*

128.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. Laws ch. 93A §§ 1, *et seq.*

129.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Comp. Laws §§ 445.901, *et seq.*

130.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. §§ 8.31, *et seq.*

131.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. §§ 75-24-3, *et seq.*

132.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mo. Rev. Stat. §§ 407.010 *et seq.*

133.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code Ann. §§ 30-14-101, *et seq.*

134.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. §§ 59-1601, *et seq.*

CLASS ACTION COMPLAINT - 25

135.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. §§ 598.0903, *et seq.*

136.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. Ann. §§ 358-A:1, *et seq.*

137.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. §§ 56:8-1, *et seq.*

138.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. §§ 57-12-1, *et seq.*

139.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law §§ 349, *et seq.*

140.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat §§ 75-1.1, *et seq.*

141.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code §§ 51-15-01, *et seq.*

142.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. tit. 15 §§ 751, *et seq.*

143.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. §§ 646.605, *et seq.*

144.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 3 PA. Cons. Stat. §§ 201-1, *et seq.*

145.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws §§ 6-13.1-1, *et seq.*

146.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code §§ 39-5-10, *et seq.*

147.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Codified Laws §§ 37-24-1, *et seq.*

148.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code Ann. §§ 47-18-101, *et seq.*

149.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq.*

150.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code. Ann. §§ 13-11-1, *et seq.*

151.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. Tit. 9, §§ 2451, *et seq.*

152.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code Ann. §§ 59.1-196, *et seq.*

153.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code §§ 19.86.010, *et seq.*

154.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code §§ 46A-6-101, *et seq.*

CLASS ACTION COMPLAINT - 27

Case No.:

155.  Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. §§ 100.18, *et seq.*

156.  Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. Ann. §§ 40-12-101, *et seq.*

157.  The acts, practices, misrepresentations and omissions by Defendant described above, and Defendant's dissemination of deceptive and misleading advertising and marketing materials concerning Parkay Spray, constitutes unfair competition and unfair or deceptive acts or practices within the meaning of each of the above-enumerated states, because each of these statutes generally prohibits deceptive conduct in consumer transactions.

158.  Defendant violated each of these statutes by representing that Parkay Spray contains "0 Fat" and "0 Calories" when, in fact, it is not.

159.  Plaintiff and Class Members were injured as a direct and proximate result of Defendant's unfair, deceptive and/or unconscionable acts and practices, because: (1) Plaintiff and the Class were induced to purchase a product they would not have otherwise purchased had they known its true composition, and (b) Plaintiff and the Class were induced to pay substantially more for Parkay Spray than they would have paid if its true characteristics had not been concealed or misrepresented.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf all others similarly situated, respectfully requests that this Court enter a judgment against ConAgra and in favor of Plaintiff, and grant the following relief:

A.     Determine that this action may be maintained as a Class action with respect to the Class and Subclass identified herein and certify it as such under Rules 23(b)(2) and 23(b)(3), or alternatively certify all issues and claims that are appropriately certified, and designate and appoint Plaintiff as Class Representatives and his counsel as Class Counsel;

B.     Declare, adjudge and decree the conduct of the Defendant as alleged herein to be unlawful, unfair and/or deceptive;

C.     Notify all Class and Subclass members of the truth regarding the fat and calorie content of Parkay Spray;

D.     Award Plaintiff, the Class, and Subclass members actual, compensatory damages, as proven at trial;

E.     Award Plaintiff, the Class, and Subclass restitution of all monies paid to Defendant as a result of unlawful, deceptive, and unfair business practices;

F.     Award Plaintiff, the Class, and Subclass members exemplary damages in such amount as proven at trial;

G.     Award Plaintiff and the Class and Subclass members reasonable attorneys' fees, costs, and pre- and post-judgment interest; and

H.     Award Plaintiff and the Class and Subclass members such other further and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

CLASS ACTION COMPLAINT - 29

# JURY TRIAL DEMAND

Plaintiff, by counsel, requests a trial by jury on his legal claims, as set forth herein.

DATED: March 21, 2013          HAGENS BERMAN SOBOL SHAPIRO LLP


By _____
          Elaine T. Byszewski
          301 North Lake Avenue, Suite 203
          Pasadena, CA 91101
          Telephone: (213) 330-7150
          E-mail: elaine@hbsslaw.com

          Steve W. Berman
          HAGENS BERMAN SOBOL SHAPIRO LLP
          1918 Eighth Avenue, Suite 3300
          Seattle, WA 98101
          Telephone: (206) 623-7292
          E-mail: steve@hbsslaw.com

          Ureka Idstrom
          THE EUREKA LAW FIRM
          6744 Holmes Road
          Kansas City, MO 64131
          Telephone: (816) 665-3515
          E-mail: uidstrom@eurekalawfirm.com

          *Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT - 30

1

2   **DECLARATION RE CLRA VENUE**

3       I, Erin Allen, do hereby declare and state as follows:

4       1.      I am a party plaintiff in *Allen on behalf of herself and all others*

5   *similarly situated v. ConAgra Foods, Inc., a Delaware corporation.* Pursuant to

6   CAL. CIV. CODE § 1780(d), I make this declaration in support of the Class Action

7   Complaint and the claim therein for relief under CAL. CIV. CODE § 1780(a). I have

8   personal knowledge of the facts stated herein and, if necessary, could competently

9   testify thereto.

10      2.      This action for relief under CAL. CIV. CODE § 1780(a) has been

11  commenced in a county that is a proper place for trial of this action because ConAgra

12  does business throughout the State of California.

13

14      This declaration is signed under penalty of perjury under the laws of the State

15  of California this 20th day of March, 2013.

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT- 31