UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant. | Case No. 13-cv-01279-JST<br><br>**ORDER DENYING MOTION REQUESTING CERTIFICATION OF ISSUE FOR IMMEDIATE APPEAL**<br><br>Re: ECF No. 47 |

Before the Court is Defendant ConAgra Foods, Inc.'s Motion Requesting Certification of Issue for Immediate Appeal Under 28 U.S.C. § 1292(b). Mot., ECF No. 47.

ConAgra requests that the Court "amend its Order [denying ConAgra's motion to dismiss] to certify for interlocutory appeal the question of whether the Plaintiff's claims are expressly preempted by federal law." Mot. at 10. Plaintiff filed a response on October 1, 2013. ECF No. 51. The Court thereafter took the matter under submission.

**I. LEGAL STANDARD**

A district court may certify an appeal of an interlocutory order only if three factors are present: (1) the issue to be certified must involve a "controlling question of law," (2) there must be "substantial ground for difference of opinion" on the issue, and (3) it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

**II. ANALYSIS**

The issue presented by this case is whether ConAgra listed the appropriate serving size, and made truthful statements about the fat and calorie content, of its "Parkay Spray" product.

1  Serving size — which also affects the fat and calorie content — is determined by reference to the
2  serving size table for adults found at 21 C.F.R. § 101.12(b)(2), which sets forth the "reference
3  amounts customarily consumed per eating occasion." ConAgra argued that the reference amount
4  for "spray type" fats and oils applies to Parkay Spray, such that "ConAgra's serving size [is]
5  properly defined under FDA regulations, [and] Plaintiff's challenge to the serving size [is]
6  expressly preempted." Order, ECF No. 41 at 8. The Court determined that Plaintiff's complaint
7  adequately alleges that Parkay Spray is subject to the reference amount for "butter, margarine, oil,
8  shortening" fats and oils, that the listed serving size did not comply with FDA regulations, and
9  that Plaintiff's claims were not preempted, and denied that portion of ConAgra's motion to
10 dismiss. ConAgra now seeks to certify the Court's Order for immediate appeal based on that
11 conclusion.

12 The Court addresses the section 1292(b) factors out of order, because it concludes that
13 ConAgra has satisfied the second and third prongs of the test for interlocutory review, but not the
14 first.

### A. Substantial Ground for Difference of Opinion

Courts determine whether there is a "substantial ground for difference of opinion" by examining "to what extent the controlling law is unclear." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" Id. (quotation omitted). It is also the case that "'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" Id. at 634 (quoting In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)).

"Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. at 633. Nevertheless, an issue of first impression may, under certain circumstances, be appropriate for interlocutory review. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution,

not merely where they have already disagreed.  Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

Here, such a difference of judicial opinion exists within this district (and circuit), because Judge Samuel Conti recently held that similar allegations against Unilever's "I Can't Believe It's Not Butter!" product were preempted by the same regulations at issue in this case. Pardini v. Unilever United States, Inc., --- F. Supp. 2d ----, 2013 WL 3456872 (N.D. Cal. July 9, 2013) (Conti, J.),[1]

---

[1] ConAgra poses a second ground to find a difference of opinion: ConAgra's own disagreement with this Court's Order as expressed through an argument it did not make in its briefs on the motion to dismiss.

ConAgra states: "The Order indicates that Plaintiff has adequately alleged that the[sic] Parkay Spray is a substitute for butter, but the Complaint and the Amended Complaint that was filed after the Order only use the word 'substitute' once . . . and neither the Complaint, the Amended Complaint, nor the Order cite or discuss the FDA's regulatory definition of 'substitute.'" Mot. at 1–2. In addition: "The word 'substitute' only appears once in Plaintiff's Brief in Opposition to the Motion to Dismiss." Id. at 2.

The argument does not fairly characterize the record.  For example, the Complaint alleged: "ConAgra markets its Parkay products as a 'guilt-free' alternative to butter and an 'excellent dietary choice,'" Compl., ECF No. 1 ¶ 18; and "Plaintiff was a reasonably diligent consumer looking for products that were fat-free and calorie-free alternatives to butter," Compl. ¶ 40. Plaintiff's opposition to the motion stated: "Defendant ConAgra sells "Parkay® Spray" ("Parkay"), a butter-flavored liquid distributed in pump-action "squirt" bottles and found alongside butter and margarine in the refrigerated section of grocery stores across America," ECF No. 24 at 4; "Even though Parkay costs considerably more than real butter . . ." id.; "But Parkay is not a nonstick cooking spray.  It is a butter-flavored liquid that is squirted as a topping," id. at 6; and "Parkay is sold in plastic bottles alongside butter and margarine. It is labeled and used as a topping and butter-substitute," id. at 7. ConAgra's own website and product label contain numerous comparisons to butter as well, such as: "Get the buttery taste of Parkay on all your favorite foods with zero calories per serving!" Id. at 8. Even if the foregoing sentences did not use the word "substitute," any reader could only conclude that they were expressing exactly that concept.

Beyond its pinched reading of the record, ConAgra's argument is an attempt to reargue its unsuccessful motion to dismiss, and not helpful to the Court's application of the section 1292(b) factors.

3

### B. Materially Advance the Ultimate Termination of the Litigation

Interlocutory review might result in reversal of the Court's order denying dismissal, which in turn might result in the ultimate termination of the litigation, so that factor is satisfied.

### C. Controlling Question of Law

A "controlling" question of law may only be found in those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981) aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983). A question of law is controlling if "the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust, 673 F.2d at 1027.

The parties do not dispute that the preemption issue addressed by this Court's order denying ConAgra's motion to dismiss is dispositive, and therefore controlling. Plaintiff argues, however, that the question is not a question of law, but rather a mixed question of law and fact. Plaintiff relies on Ahrenholz v. Bd. of Trustees of Univ. of Illinois, 219 F.3d 674, 676–677 (7th Cir. 2000). In Ahrenholz, the Seventh Circuit found that interlocutory appeal is inappropriate where the appeal would require the appeals court to "hunt[] through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there; and to decide a question of contract interpretation [that] may require immersion in what may be a long, detailed, and obscure contract." Id. at 677. The Seventh Circuit reasoned that the statute applies only "to a 'pure' question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." Id.

The Ninth Circuit also has recognized "[w]hether the district court erred in applying the regulatory standard to the facts of [the] case . . . is a mixed question of law and fact" that, by itself, is not appropriate for permissive interlocutory review. Steering Comm. v. United States, 6 F.3d

1  572, 575 (9th Cir. 1993).[2]

2  Though ConAgra does not identify the precise controlling question of law for which it
3  seeks certification, it is clear ConAgra seeks to appeal the Court's application of the relevant
4  federal regulations to the facts alleged by Plaintiff. Thus, under the authorities just cited, the issue
5  is not one of "pure" law and is not appropriate for interlocutory review.

### III. CONCLUSION

For the foregoing reasons, ConAgra's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 12, 2013

_____
JON S. TIGAR
United States District Judge

---

[2] In Steering, the Ninth Circuit found it had jurisdiction over an interlocutory review of two questions, one of which was an issue of "pure" law, and the other, a mixed question of law and fact, only because courts of appeal may decide all questions "material" to the interlocutory order properly appealed, provided at least one "pure" question of law is presented. Those are not the circumstances here.

5