UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN ALLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>CONAGRA FOODS, INC.,<br><br>        Defendant. | Case No. 13-cv-01279-VC<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 89, 113 |

Erin Allen brings this proposed class action against ConAgra Foods, Inc., alleging that the label on ConAgra's "Parkay Spray" misleads people about the product's fat and calorie content. Allen now moves for certification of a multi-state class, divided into several subclasses. The motion is denied, but denial is without prejudice to filing a renewed motion for class certification after discovery is complete.

The party seeking class certification bears the burden of demonstrating by a preponderance of the evidence that the requirements of Rule 23 are met. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). To certify a class, the Court must also be satisfied that the party seeking certification has met the requirements of one of the three subsections of Rule 23(b). *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). Here, the motion for class certification contains at least four defects that preclude certification of the proposed Rule 23(b)(3) damages class.

1. As Judge Tigar explained in *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2014 WL 4652283 (N.D. Cal. Sept. 18, 2014), to demonstrate ascertainability in a case like this, a class action plaintiff should present a plan for how the class members will be identified. *See id.* at *4–6. Allen has not done so here, and therefore she does not satisfy the ascertainability requirement.

1    However, the Court declines ConAgra's invitation to follow the Third Circuit's approach to
2    ascertainability as reflected in *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013), also for the
3    reasons thoroughly set forth by Judge Tigar in *Lilly*. 2014 WL 4652283, at *4–6.

4        2. At the beginning of the class period, the front label of the Parkay Spray bottle stated
5    that the product contained zero grams of fat and zero calories. Later in the period, the label stated
6    that the product contained zero grams of fat and zero calories "per serving." *See* Gordon Decl.,
7    Ex. 1–3. Allen only purchased the product with the revised label. And it's conceivable that a jury
8    could find the original label misleading while finding that the revised label is not. If so, Allen's
9    claim would fail, leaving no one to represent the absent class members who did have a claim based
10   on their purchase of Parkay Spray with the earlier label.

11       3. Although Allen's damages expert, Colin Weir, appears to have identified a methodology
12   that could reasonably measure, on a classwide basis, those damages attributable to the allegedly
13   misleading labeling, *see Comcast*, 133 S. Ct. at 1432, his declaration does not explain in sufficient
14   detail how he would apply that methodology on the facts of this case. But it would be
15   unreasonable to require that Weir conduct pilot surveys or any pretesting when the parties have
16   not yet completed discovery. *See Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK,
17   2014 WL 2466559, at *18 (N.D. Cal. May 30, 2014).[1]

18       4. Allen seeks to certify a class of people from different states, including subclasses for
19   claims of breach of express warranty and for violation of the consumer protection laws of many of
20   those states. But she has not adequately shown how this case is distinguishable from *Mazza v.*
21   *Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012), where the Court identified a number of
22   state consumer protection laws and concluded that variance among them precluded certification of
23   a multi-state class. In other words, she has not adequately shown how common questions would
24   predominate in a case involving so many states, and has not adequately demonstrated how the
25   proposed multi-state class action would be manageable. *See Zinser v. Accufix Research Inst., Inc.*,
26   253 F.3d 1180, 1189, 1192 (9th Cir.), *amended*, 273 F.3d 1266 (9th Cir. 2001); *Hanlon v.*

---

[1] For this reason, ConAgra's motion to strike Weir's declaration, Docket No. 113, is denied.

*Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). For instance, Allen may well be correct that, among each of the states in the proposed consumer protection subclass, a plaintiff need not provide individualized proof of reliance where the plaintiff can show that an alleged misrepresentation is material under a "reasonable consumer" standard. But it appears that differences remain in areas such as scienter requirements and damages, and Allen offers only conclusory statements that these differences are immaterial. Moreover, while the various consumer protection statutes appear largely uniform in their prohibition of "unfair or deceptive acts or practices," *see* Gordon Decl., Ex. 24, Allen has not adequately shown that these terms are applied in a uniform manner by courts of the respective states. *Cf. Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995) ("The law of negligence, including subsidiary concepts such as duty of care, foreseeability, and proximate cause, may . . . differ among the states only in nuance . . . . But nuance can be important[.]").

For these reasons, the motion for certification of a damages class under Rule 23(b)(3) is denied. However, because it appears likely that Allen could cure the first three of these defects, and because it is at least conceivable that she could cure the fourth, denial is without prejudice to filing a renewed motion for certification of a Rule 23(b)(3) class no later than 60 days after the close of discovery.

Allen also argues that, in the event she cannot meet the requirements of a Rule 23(b)(3) class, the Court should nonetheless certify a multi-state class for purposes of injunctive relief under Rule 23(b)(2). Although "[c]lass certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive," *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011), nothing would prevent the Court from . . . grant[ing] class certification for the purposes of declaratory and injunctive relief and den[ying] [it] to the extent plaintiffs seek monetary damages." *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726, at *12 (N.D. Cal. June 13, 2014) (internal quotation marks omitted). But to establish Article III standing to pursue a claim for prospective relief, "a named plaintiff must show that [s]he h[er]self is subject to a likelihood of future injury. Allegations that a defendant's conduct will subject unnamed class members to the alleged harm is insufficient to establish standing to seek injunctive

relief on behalf of the class." *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045–45 (9th Cir. 1999). Here, Allen stated in her deposition that she has no interest in buying Parkay Spray as it is currently constituted, regardless of whether its label is accurate. Coombe Decl., Ex. 1, p. 33. Therefore, Allen cannot possibly be subject to a likelihood of future injury. As a result, even if the Court ultimately denied a renewed motion to certify a Rule 23(b)(3) class with prejudice, it would not certify a Rule 23(b)(2) class.

In the event of a renewed motion to certify a Rule 23(b)(3) class, and the event Allen continues to seek certification of a multi-state class, she should, as part of her required showing as to the predominance of common questions and the manageability of such a class, attach, as an exhibit to her motion, a set of proposed jury instructions that would govern the trial.

**IT IS SO ORDERED**.

Dated: January 8, 2015

VINCE CHHABRIA
United States District Judge