1   GUTRIDE SAFIER LLP
    ADAM J. GUTRIDE (State Bar No. 181446)
2   SETH A. SAFIER (State Bar No. 197427)
    KRISTEN SIMPLICIO (State Bar No. 263291)
3   ANTHONY PATEK (State Bar No. 228964)
    100 Pine Street, Suite 1250
4   San Francisco, California 94111
    Telephone: (415) 639-9090
5   Facsimile: (415) 449-6469
    adam@gutridesafier.com
6   seth@gutridesafier.com
    kristen@gutridesafier.com
7   anthony@gutridesafier.com
           -and-
8   UREKA E. IDSTROM (*pro hac vice*)
    THE EUREKA LAW FIRM
9   5606 Belinder Road
    Fairway, KS 66205
10  Telephone: (816) 665-3515
    E-mail: uidstrom@eurekalawfirm.com
11

12  *Attorneys for Plaintiff and the Proposed Class*

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                SAN FRANCISCO DIVISION

16

17  ERIN ALLEN, TYOKA BRUMFIELD,            No. 3:13-CV-01279-WHO
    OFELIA FRECHETTE, SHELLEY HARDER,
18  DEANA MARR, TAMMIE SHAWLEY,
    BRIAN SMITH, AND BETTY VAZQUEZ , on     CONSOLIDATED SECOND
19  behalf of themselves and all others similarly   AMENDED CLASS ACTION
    situated,                                COMPLAINT
20
                              Plaintiffs,
21                                            DEMAND FOR JURY TRIAL
22        v.

23  CONAGRA FOODS INC., a Delaware
    corporation,
24
                              Defendant.
25

26

27

28
    ─────────────────────────────────────────────
        CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT
                                            Case No.:3:13-CV-01279-WHO

TABLE OF CONTENTS

Page(s)

I.    OVERVIEW ....................................................................................................1

II.   JURISDICTION .............................................................................................2

III.  PARTIES .........................................................................................................2

IV.   FACTUAL ALLEGATIONS ..........................................................................5

      A.   Defendant failed to comply with State and Federal laws governing the labeling of Fat and Calories on Product Labels ..................................................................6

           a.   Defendant failed to adequately disclose the amount of fat and calories in Parkay Spray by using unlawful serving sizes....................................5

           b.   Defendant made unlawful "fat free" and "zero calories" nutrient content claims..............................................................................................7

      B.   Defendant was aware that Parkay Spray was mislabeled based on consumer complaints and FDA warning letters..........................................................9

      C.   Plaintiff could not have discovered, in the exercise of reasonable diligence, that Defendant's product labels were misleading............................................11

      D.   Defendant's misrepresentations cause Plaintiff and the Class ascertainable damages and injury..........................................................................................12

V.    CLASS ACTION ALLEGATIONS ................................................................13

VI.   CAUSES OF ACTION....................................................................................17

FIRST CAUSE OF ACTION Unjust Enrichment / Common Law Claim for Restitution .............17

SECOND CAUSE OF ACTION Fraud By Concealment.................................................18

THIRD CAUSE OF ACTION Breach of Express Warranty .........................................18

FOURTH CAUSE OF ACTION Intentional Misrepresentation....................................19

FIFTH CAUSE OF ACTION Violations of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*).................................................................................19

SIXTH CAUSE OF ACTION Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) .....................................................................21

SEVENTH CAUSE OF ACTION Violation of the Consumer Protection Acts of the Various States ....................................................................................................................21

CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT - i

PRAYER FOR RELIEF ............................................................................................26

JURY TRIAL DEMAND .......................................................................................27

Plaintiffs Erin Allen, Tyoka Brumfield, Ofelia Freschette, Shelley Harder, Deana Marr, Tammie Shawley, Brian Smith, and Betty Vazquez bring this action on behalf of themselves and all others similarly situated against ConAgra Foods, Inc. ("ConAgra"). Plaintiffs' allegations against Defendant are based upon information and belief and upon investigation of Plaintiffs' counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs' personal knowledge.

## I.   OVERVIEW

1.     This is a putative class action on behalf of a class of persons seeking redress for Defendant's deceptive practices in its labeling and marketing of Parkay Spray.

2.     Consumers are increasingly health conscious and, as a result, many consumers are interested in fat-free and calorie-free food alternatives for themselves and their families.

3.     Defendant's Parkay Spray is deceptively labeled, marketed and sold to Plaintiffs and other consumers as having "0 fat" and "0 calories."

4.     In reality, Defendant's Parkay Spray is neither "Fat Free" nor "Calorie Free." Parkay Spray contains 832 calories and 93 grams of fat per bottle.

5.     Defendant's claims regarding Parkay Spray are false and misleading because its product is improperly labeled "fat free," "0 fat" and "0 calories."

6.     Defendant's claims regarding Parkay Spray are false and misleading because its product labels include artificially small "serving sizes" that fail to account for the manner in which these products are customarily consumed.

7.     Defendant's claims regarding Parkay Spray are false and misleading because its labels do not disclose that Parkay Spray contains ingredients that are fats which, even in small quantities, add certain amounts of fat per serving.

8.     As a result of its deceptive marketing and advertising, Defendant has  generated substantial revenues from the sale of Parkay Spray.

## II.    JURISDICTION

9.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d) because the amount in controversy for the Class exceeds $5,000,000, and Plaintiffs and other putative Class members are citizens of a different state than Defendant.

10.    This Court has personal jurisdiction over Plaintiff Erin Allen because she submits to the Court's jurisdiction.  This Court has personal jurisdiction over the Defendant because it conducts substantial business in the District and thus has sufficient minimum contacts with this District and California.

11.    Venue is proper in this Court because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District.  Defendant distributed, advertised and sold Parkay Spray, which is the subject of the present complaint, in this District.

## III.    PARTIES

12.    Plaintiff Erin Allen is, and was at all relevant times, a citizen of California. Plaintiff purchased and consumed Parkay Spray in grocery stores in and around her home in Dublin, California during the Class Period for personal, family, and household purposes.  Plaintiff saw and read ConAgra's misrepresentations that Parkay Spray contains "0 Fat" and "0 Calories" and relied on such misrepresentations in deciding to purchase Parkay Spray.  Plaintiff Allen would not have purchased Parkay Spray had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray.

13.    Plaintiff Tyoka Brumfield resided in Brooklyn, New York until just recently, when she moved to Waterbury, Connecticut. She purchased Parkay Spray approximately a half dozen times in 2017 and 2018. Specifically, she purchased it from her local Food Bazaar store in Brookln in 2017 and 2018. Since moving to Waterbury, Connecticut, she purchased it several more times at Stop & Shop. Plaintiff Brumfield purchased Parkay Spray because she prefers low fat products, and prior to purchase she saw and read ConAgra's misrepresentations on the label of the Parkay Spray, advertising that it contained "0 Fat" and "0 Calories" and relied on such misrepresentations in deciding to purchase Parkay Spray. Plaintiff Brumfield would not have purchased Parkay Spray

had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray.

14.     Ofelia Frechette is, and was at all relevant times, a resident of Hammond, Indiana. She has been purchasing Parkay Spray for years at her local Sprakes and Food For Less, as well as stores in nearby Illinois and Michigan, on the belief that it contains zero fat and zero calories. Specifically, Plaintiff Frechette saw and read ConAgra's misrepresentations on the label of the Parkay Spray, advertising that it contained "0 Fat" and "0 Calories" and relied on such misrepresentations in deciding to purchase Parkay Spray. She was told by her doctor to limit her fat and calorie intake to address cholesterol and weight issues, and has purchased Parkay Spray regularly ever since, usually every two weeks or so. She purchased it most recently in June of 2017. Plaintiff Frechette would not have purchased Parkay Spray had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray. Ms. Frechette remains interested in low-fat, low calorie buttery toppings.

15.     Shelley Harder is, and was at all relevant times, a resident of Indianapolis, Indiana. She has been purchasing Parkay Spray approximately once a week for at least two years in various stores in Indianapolis. She is conscious about purchasing low-fat products and carefully reads the labels on all products, including Parkay Spray, which she believed was fat free and calorie free based on the representations on the label that it contained "0 Fat" and "0 Calories." Plaintiff Harder would not have purchased Parkay Spray had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray.

16.     Deana Marr is, and was at all relevant times, a resident of Columbus, Georgia. She has been purchasing Parkay Spray at her local Publix and Wal-Mart Neighborhood Market on the belief that it contains zero fat and zero calories since March of 2017, based on the representations on the label that it contained "0 Fat" and "0 Calories." She was told by her doctor around that time to start using fat free butter substitutes that had zero fat and calories, and has purchased it regularly ever since. She purchased it most recently in June of 2017. Plaintiff Marr would not have purchased Parkay Spray had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray.

17.     Tammie Shawley is, and was at all relevant times, a resident of Defiance, Ohio. She has been purchasing Parkay Spray at her local Wal-Mart and Kroger on the belief that it contains zero fat and zero calories for at least fourteen years. She heard about the product during a Weight Watchers meeting, where it was recommended because it had zero fat and calories, which she came to believe to be true based on the fact that the label stated the product contained "0 Fat" and "0 Calories." She has purchased it regularly ever since. She even purchased it several times while on vacation in Florida, most recently in approximately 2013. Plaintiff Shawley would not have purchased Parkay Spray had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray.

18.     Brian Smith is, and was at all relevant times, a resident of Bay City, Michigan. He purchased Parkay Spray as recently as 9 months ago based on its label's representation that it is fat free and zero calories per serving. Plaintiff Smith is runs and lifts weights, and he purchased Parkay Spray because he wanted a healthy buttery topping that fit his healthy lifestyle, and specifically because of the representations on the label that it contained "0 Fat" and "0 Calories." Plaintiff Smith would not have purchased Parkay Spray had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray.

19.     Betty Vazquez is, and was at all relevant times, a resident of Mundelein, Illinois. She purchased Parkay Spray in Mundelein as well as in Wisconsin, where she has a vacation property, several times within the last year. Her physician recommended that she reduce the amount of fat in her diet, and she decided to purchase Parkay Spray after reading the representation on the label that it had no fat or calories. Plaintiff Vazquez would not have purchased Parkay Spray had ConAgra disclosed the true nature of its product on its packaging and/or would not have paid a premium for Parkay Spray.

20.     The parties identified in Paragraphs 12-19 are collectively referred to herein as "Plaintiffs." All Plaintiffs are consumers who purchased Parkay Spray for personal, household use. They all suffered lost money or property as a result of these violations because: (a) they would not have purchased Parkay Spray on the same terms if the true facts concerning this product had been known; (b) they paid a premium due to the false representations about the products; and (c) Parkay

Spray is not "fat free", "zero calories" or "0 fat." As a result of these violations, Defendant has caused and continues to cause actual damage to Plaintiffs and, if not stopped, will continue to harm them.

21.     Defendant ConAgra Foods is a for-profit, Delaware corporation with its principal place of business in Omaha, Nebraska.  Defendant manufactures and markets brand name food products throughout the nation, including California.

## IV.     FACTUAL ALLEGATIONS

22.      With approximately $20 billion in annual sales, ConAgra Foods is the second largest packaged-food company in America, serving consumer grocery retailers as well as restaurants and other foodservice establishments.

23.     ConAgra's success admittedly depends on its "ability to identify the tastes and dietary habits of consumers and to offer products that appeal to their preferences, including concerns of consumers regarding health and wellness, obesity, product attributes and ingredients." ConAgra Foods, 2012 Annual 10-K, p. 10.

24.     As noted by ConAgra's Director of Marketing, "Consumers increasingly have been paying greater attention to their diets, from looking to cut carbs and cholesterol to watching fat and sodium intake."

25.     In 1998, ConAgra purchased the consumer brand, Parkay, a line of margarines in spreadable, sprayable and squeezeable forms.

26.     ConAgra markets its Parkay products as a "guilt-free" alternative to butter and an "excellent dietary choice."  This is, in fact, the central message of Parkay's  "talking tub campaign" which was first introduced in 1973, "The label says 'Parkay,' the flavor says butter."

27.     ConAgra markets one particular line of margarines, Parkay Spray as a "0 calories", "0 fat" and "fat-free" topping for foods.   Such representations are made on various company websites, through press releases and in television media.

28.     As described herein, ConAgra's representations are false and misleading because:

    a.  Parkay Spray does not qualify as "0 fat" or "fat-free" as a matter of law;

    b.  Parkay Spray does not qualify as "0 calories" as a matter of law;

---

c. Parkay Spray uses artificially small serving sizes to understate the amount of fat and calories in the product; and

d. Parkay Spray does not disclose that certain ingredients supply "trace amounts of fats" as required by law.

**A.**    Defendant failed to comply with State and Federal laws governing the labeling of Fat and Calories on Product Labels

29.    The Food Drug and Cosmetic Act ("FDCA") regulates the proper labeling of food. 21 U.S.C. §§ 301 *et seq*.

30.    It also vests the Food and Drug Administration ("FDA") with the authority to "protect the public health by ensuring that foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. §393(b)(2)(A).

31.    Pursuant to this authority, the FDA has promulgated a comprehensive set of regulations pertaining to labeling requirements. 21 C.F.R. §101.1 *et seq*.

32.    Defendant misled consumers by failing to comply with this regulatory scheme.

33.    Specifically, during the Class Period, Defendant did not (1) adequately disclose the level of fat and calories per serving in accordance with 21 U.S.C. §343(q); and (2) made "fat free" and "zero calories" nutrient content claims in violation of 21 U.S.C. § 343(r).

a. Defendant failed to adequately disclose the amount of fat and calories in Parkay Spray by using unlawful serving sizes

34.    21 U.S.C. § 343(q) governs the disclosure of nutrition information on a product label. It deems a food misbranded unless its label or labeling discloses the total number of calories per serving and the amount of total fat per serving.

35.    The regulations define a "serving size" as an amount of food "customarily consumed" per eating occasion which must be "based on consumption data under actual conditions of use." 21 C.F.R. §101.9(b)(1).

36.    As depicted below, Defendant's label defines one serving as one to five sprays. This artificially small serving size fails to account for the manner in which consumers use its



product and does not comport with the serving sizes established by the Food and Drug

Administration at 21 C.F.R. §101.12(b).

37. Because Defendant used improper serving sizes in calculating the amount of fat and calories per serving, Defendant failed to adequately disclose the amount of fat and calories in Parkay Spray as required by law.

**a.** Defendant made unlawful "fat free" and "zero calories" nutrient content claims

38. Express nutrient content claims are any direct statement about the level (or range) of a nutrient in food that appears outside of the nutrition panel. 21 C.F.R. §101.13(b). The phrases "fat free" and "zero calories" are two such claims.

39. A product that uses unlawful serving sizes cannot claim to be "fat free" or "zero calories." 21 C.F.R. §101.62(a)(3); 21 C.F.R. §101.60(a)(3).

40. Additionally, a product cannot claim to be "fat free" if it contains an added "ingredient that is a fat or is generally understood by consumers to contain fat unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states 'adds a trivial amount of fat' 'adds a negligible amount of fat' or 'adds a dietarily insignificant amount of fat.'" 21 C.F.R. §101.62.

41. Despite using unlawful serving sizes, Defendant prominently displayed the phrases "zero calories" and "fat free" on its product labels.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



42.     And while Defendant listed "soybean oil" and "buttermilk" in its ingredient list,
these terms were not followed by an asterisk and any language disclosing the presence of fat.

43.     Defendant's failure to disclose trace amounts of fat renders its product false and
misleading.

**B.     Defendant was aware that Parkay Spray was mislabeled based on consumer
complaints and FDA warning letters**

44.     Defendant knew or should have known that its product was mislabeled and
engendered confusion among consumers. The internet is replete with complaints echoing that of

the named plaintiff.  For example, a contributor to the website "that's fit" writes, "This issue makes me furious –so often products that are full of fat, and even transfats, designate completely ridiculous serving sizes, then 'round' the fat down to zero.  Often, they won't even have on the label anywhere what the actual fat content is.  So people think there's no fat when there's a ton."  Similarly, a contributor to the website caloriecount.com writes, "This is exactly what the marketing of this product was supposed to do – make you believe… that we are consuming less calories than we actually are."

45.     On many occasions, consumers have contacted the company directly about its fat and calorie claims only to receive vague and misleading responses. For example, a contributor to the website "3 fat chicks on a diet" explains that in response to an angry letter regarding the misleading fat and calorie content of Parkay Spray "I got a canned nice nice response and never heard anything else, somehow I am not surprised!"

46.     In March of 2004, the FDA issued a guidance letter to the food industry that indicated the FDA was concerned about the use of improper serving sizes.  The letter stated:

Dear Food Manufacturer:

As you are aware, the Food and Drug Administration (FDA) is involved in an initiative to give consumers helpful information that will enable them to make more informed choices about their diets and lifestyle in an effort to reduce the incidence of overweight and obesity in the United States.  A key component in providing nutrient information to consumers is the "Nutrition Facts" panel on food packages.  In order for this nutrition information to be useful to consumers, it must be accurate and based on a meaningful amount of food.  After the Nutrition Labeling and Education Act was enacted, thereby mandating nutrition labeling, FDA promulgated regulations that specify how serving size must be derived from an appropriate reference amount for the food commodity in question… Therefore, we are taking this opportunity to remind the food industry about the rules for determining an appropriate serving size.

Manufacturers must use the information provided in Title 21 of the Code of Federal Regulations (CFR) sections 101.9(b) and 101.12 to determine a specific serving size for their products…[1]

FDA encourages the food industry to review their nutrition information and assure that the serving size declared is appropriate for the commodity in question. FDA also encourages manufacturers to refer to our guidance documents at www.cfsan.fda.gov for additional information on serving sizes.

47.     Defendant ignored these consumer complaints and the FDA's guidance and continued to use its deceptive and misleading product labels.

## C.     Plaintiffs could not have discovered, in the exercise of reasonable diligence, that Defendant's product labels were misleading

48.     Plaintiffs were reasonably diligent consumers looking for products that were fat-free and calorie-free alternatives to butter. Nevertheless, Plaintiff Allen did not discover that ConAgra's labeling was false, deceptive, or misleading until March 2013. The remaining Plaintiffs did not discover the deception until July 2018.

49.     Plaintiffs were unaware that Parkay Spray contained 93 grams of fat and 832 calories per bottle and did not quality as "fat free" or "calorie free" based on amounts customarily consumed. Plaintiffs were also unaware that Parkay Spray contained added ingredients that supplied certain amounts of fat per serving.

50.     Plaintiffs are not nutritionists, food experts, or food scientists; Plaintiffs are lay consumers who did not possess Defendant's specialized knowledge or food testing capabilities

---

[1] Letter to Food Manufacturers about Accurate Serving Size Declaration on Food Products, March 12, 2004, available online at:
http://www.fda.gov/Food/LabelingNutrition/FoodLabelingGuidanceRegulatoryInformation/InspectionCompliance/WarningOtherLetters/ucm110234.htm (last accessed July 20, 2012).

which would have otherwise enabled them to see through Defendant's deceptive marketing and advertising.

51. Plaintiffs, in the exercise of reasonable diligence, could not have discovered Defendant's practices earlier because, like nearly all consumers, Plaintiffs do not have food testing capabilities whereby she could have uncovered the true nutritional content of Parkay Spray.

**D.** **Defendant's misrepresentations cause Plaintiffs and the Class ascertainable damages and injury**

52. Plaintiffs purchased Parkay Spray believing it contained "0 fat" and "0 calories" based on ConAgra's deceptive advertising and misrepresentations.

53. Parkay Spray costs more than similar products without misleading advertisements and misrepresentations, and would have cost less absent the false and misleading statements.

54. Plaintiffs and members of the Class paid more for Parkay Spray than they otherwise would have had they not been misled by the false and misleading advertisements and misrepresentations complained of herein. Plaintiffs and members of the Class would not have purchased Parkay Spray at the prices they did, or would not have purchased Parkay Spray at all, absent Defendant's false and misleading misrepresentations.

55. For these reasons, Parkay Spray was worth less than what Plaintiffs and members of the Class paid for it.

56. Plaintiffs and members of the Class were induced to and did purchase Parkay Spray instead of competing products based on the false statements and misrepresentations described herein.

57. Instead of receiving products that have the advantages inherent in being "fat-free" and "zero calories," Plaintiffs and members of the Class received products that were a significant source of fat and calories.

58. Plaintiffs and members of the Class lost money as a result of ConAgra's deception in that they did not receive what they paid for.

59. Plaintiffs and members of the Class altered their position to their detriment and suffered damages in an amount equal to the amount they paid for Parkay Spray.

60. All Plaintiffs continue to desire to purchase butter substitutes that contain less fat and calories as regular butter. All would purchase a Parkay product that contained no fat and calories (or reduced fat and calories) if it were possible to determine prior to purchase if the representation was true. They all regularly visit major grocery stores near their homes, and many while traveling out of state. As long as Defendant is permitted to use misleading and untruthful labeling as to the fat and calorie count in its Parkay Spray, Plaintiffs have no way to determine if the representation is true and are at risk of being misled again. The package does not state that there are any fat or calories in the product.

## V. CLASS ACTION ALLEGATIONS

61. Plaintiffs seeks certification of a Class defined as follows:

> All persons nationwide who purchased Parkay Spray ("The Class").
> Excluded from the Class are Defendant; the officers, directors or
> employees of Defendant; any entity in which Defendant has a
> controlling interest; and any affiliate, legal representative, heir or assign
> of Defendant; also excluded are any federal, state or local governmental
> entities, any judicial officer presiding over this action and the members
> of his/her immediate family and judicial staff, any juror assigned to this
> action and those claiming that they have suffered any personal injury as
> a result of consuming Defendant's misbranded products.

62. Plaintiffs also seek certification of the following Consumer Protection Subclasses:

> a. Consumer Protection Subclass #1: All class members who purchased Parkay Spray in the following states, subject to the state's statute of limitations: California, Florida, Hawaii, Maine, Massachusetts, Missouri, Nebraska, New Jersey, New York, North Carolina, South Carolina, Washington.
>
> b. Consumer Protection Subclass #2: All class members who purchased Parkay Spray in the following states, subject to the state's statute of limitations: Alaska, California, District of Columbia, Georgia, Maryland, Michigan, Mississippi, New Hampshire, Ohio, Oregon, Rhode Island.
>
> c. Consumer Protection Subclass #3: All class members who purchased Parkay Spray in the following states, subject to the state's statute of limitations: Delaware, Illinois, Iowa, Minnesota, Wisconsin, and North Dakota.
>
> d. Consumer Protection Subclass #4. All class members who purchased Parkay Spray in the following states, subject to the state's statute of limitations: Arkansas, Colorado, Idaho, Indiana, Kansas, New Mexico, Oklahoma, and Utah.

63.     Plaintiffs also seek certification of the following State Subclasses:

    a.   The California Subclass: All class members in the State of California who purchased Parkay Spray at any time since March 21, 2009.

    b.   The Connecticut Subclass: All class members in the State of Connecticut who purchased Parkay Spray at any time since March 21, 2009.

    c.   The Florida Subclass: All class members in the State of Florida who purchased Parkay Spray at any time since March 21, 2009.

    d.   The Georgia Subclass: All class members in the State of Georgia who purchased Parkay Spray at any time since March 21, 2009.

    e.   The Illinois Subclass: All class members in the State of Illinois who purchased Parkay Spray at any time since March 21, 2010.

    f.   The Indiana Subclass: All class members in the State of Indiana who purchased Parkay Spray at any time since March 21, 2011.

    g.   The Michigan Subclass: All class members in the State of Michigan who purchased Parkay Spray at any time since March 21, 2007.

    h.   The Ohio Subclass: All class members in the State of Michigan who purchased Parkay Spray at any time since March 21, 2011.

    i.   The New York Subclass: All class members in the State of New York who purchased Parkay Spray at any time since March 21, 2010.

    j.   The Wisconsin Subclass: All class members in the State of Wisconsin who purchased Parkay Spray at any time since March 21, 2009.

64.     Plaintiffs do not know the exact number of Class and Subclass members at the present time.  However, due to the nature of the trade and commerce involved, there are many thousands of class members, such that joinder of all Class members is impracticable.

65.     The Class is readily ascertainable through Defendant's business records and notice can be provided by publication and through techniques similar to those customarily used in other consumer fraud cases and complex class actions.

66.     There are questions of law and fact common to the Class and Subclasses. Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class who were similarly affected by having purchased Parkay Spray for their intended and foreseeable purpose as a "fat-free" and "0 calorie" topping.

67.     Plaintiffs assert claims that are typical of the Class and Subclasses.  Plaintiffs and all Class members have been subjected to the same wrongful conduct because they have all purchased Parkay Spray which was mislabeled "fat free," "0 fat" and "0 calories." Like other members of the class, Plaintiffs overpaid for Parkay Spray and/or purchased a product that she otherwise would not have.

68.     Plaintiffs will fairly and adequately represent and protect the interests of the Class and Subclasses.  Plaintiffs are represented by counsel competent and experienced in both consumer protection and class action litigation.

69.     Class certification is appropriate because Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

70.     Class certification is appropriate because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class and Subclasses, including, *inter alia*, the following:

    a.   Whether Defendant misrepresented or omitted material facts in connection with the promotion, marketing, advertising, packaging, labeling and sale of Parkay Spray;

    b.   Whether Defendant represented that Parkay Spray has characteristics, benefits, uses or qualities that it does not have;

    c.   Whether Defendant's nondisclosures and misrepresentations would be material to a reasonable consumer;

    d.   Whether the nondisclosures and misrepresentations were likely to deceive a reasonable consumer in violation of the consumer protection statutes of the various states;

    e.   Whether the nondisclosures and misrepresentations were likely to deceive a reasonable consumer;

f.  Whether the nondisclosures and misrepresentations constitute an unlawful business practice;[2]

g.  Whether the nondisclosures and misrepresentations constitute an unfair business practice;

h.  Whether ConAgra breached an express warranty made to Plaintiffs and the Class;

i.  Whether ConAgra intentionally misrepresented that Parkay Spray is "fat free" and "zero calories";

j.  Whether Defendant's unlawful, unfair and/or deceptive practices harmed Plaintiffs and the members of the Class;

k.  Whether Defendant was unjustly enriched by its deceptive practices; and

l.  Whether Plaintiffs and the members of the Class are entitled to damages, restitution, and/or equitable or injunctive relief.

71.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all the individual Class and Subclasses members is impracticable. Furthermore, because the restitution and damages suffered, and continue to be suffered, by each individual Class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to each of them individually and the burden imposed on the judicial system would be enormous.

72.  The prosecution of separate actions by the individual Class and Subclasses members would create a risk of inconsistent or varying adjudications with respect to individual Class

---

[2] The UCL incorporates and makes actionable violations of other laws and regulations, such as the FDA regulations discussed above, and the provisions of the California Health and Safety Code that adopt those regulations as part of California law, *e.g.*, Cal. Health & Safety §§ 110100, 110380, 110505. No cause of action is intended to be pled directly under the FDCA or the FDA regulations, but actions are pled only under the state laws enumerated in the causes of action set forth in this complaint.

members, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

## VI.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Unjust Enrichment / Common Law Claim for Restitution

73.    Plaintiffs reallege and incorporate by reference all paragraphs alleged herein.

74.    Plaintiffs bring this claim individually and on behalf of the Nationwide Class.

75.    Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each states' law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state.

76.    Plaintiffs and the Class members conferred a benefit on the Defendant by purchasing Parkay Spray.

77.    Defendant has been unjustly enriched in retaining the revenues from Class members' purchases of Parkay Spray, which retention under these circumstances is unjust and inequitable because Defendant falsely represented that Parkay Spray was free of calories and fat which caused injuries to Plaintiffs and Class members because they paid a price premium due to the mislabeling of Parkay Spray.

78.    Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Class members for its unjust enrichment, as ordered by the Court.

79.    Plaintiffs, therefore, seek an order requiring ConAgra to make restitution to them and other members of the Class.

## SECOND CAUSE OF ACTION

### Fraud By Concealment

80.    Plaintiffs reallege and incorporate by reference all paragraphs alleged herein.

81.    As set forth above, ConAgra concealed material facts concerning the nutritional content of Parkay Spray.  ConAgra had a duty to make these disclosures based on its superior knowledge regarding the composition of its product, as well as its affirmative misrepresentations to the contrary.

82.    ConAgra actively concealed material facts, in whole or in part, with the intent to induce Plaintiffs and members of the Class to purchase Parkay Spray.

83.    Plaintiffs and the Class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed facts.

84.    As a result of the concealment of the facts, Plaintiffs and the Class sustained damage in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### Breach of Express Warranty

85.    Plaintiffs reallege and incorporate by reference all paragraphs alleged herein.

86.    Plaintiffs bring this claim individually and on behalf of the Nationwide Class.

87.    Defendants expressly warranted in their marketing, advertising and promotion of Parkay Spray that Parkay Spray is "fat free", "0 calories" and "0 fat."

88.    Plaintiffs and members of the Class purchased Parkay Spray based on these express warranties.

89.    Parkay Spray is not, however, "fat free", "zero calories" or "0 fat" as expressly warranted.

90.    Plaintiffs and Class members were injured as a direct and proximate result of Defendant's breach because: (1) they purchased Parkay Spray and/or at a premium based on Defendant's misleading product labels and (2) Parkay Spray did not have the composition, attributes, characteristics, nutritional content or value as promised.

**FOURTH CAUSE OF ACTION**

**Intentional Misrepresentation**

91.     Plaintiffs reallege and incorporate by reference all paragraphs alleged herein.

92.     Defendant materially and intentionally mislabeled Parkay's nutritional values as alleged herein.

93.     Defendant's misrepresentations about the fat and calorie content of Parkay Spray were intended to influence the purchasing decisions of Plaintiffs and members of the Class who justifiably relied upon the accuracy of Defendant's labels.

94.     Defendant's misrepresentations caused Plaintiffs and the Class to purchase a product that they would not have otherwise purchased and/or at a price that they would not have otherwise paid.

**FIFTH CAUSE OF ACTION**

**Violations of the Consumer Legal Remedies Act**

(Cal. Civ. Code § 1750, *et seq.*)

95.     Plaintiffs reallege and incorporate by reference all paragraphs alleged herein.

96.     Allen brings this claim individually and on behalf of the California Subclasses.

97.     Defendant is a "person" under CAL. CIV. CODE § 1761(c).

98.     Allen is a "consumer," as defined by CAL. CIV. CODE § 1761(d), who purchased Parka Spray sold by Defendant.

99.     CAL. CIV. CODE § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristic, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Defendant violated this provision by misrepresenting that Parkay Spray is "fat free", "0 calories" and "0 fat."

100.    CAL. CIV. CODE § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Defendant violated this provision by misrepresenting that Parkay Spray is "fat free", "0 calories" and "0 fat."

101.    CAL. CIV. CODE § 1770(a)(9) prohibits "[r]epresenting goods or services with intent not to sell them as advertised." Defendant violated this provision by misrepresenting that Parkay Spray is "fat free", "0 calories" and "0 fat."

102.    Allen and the Subclass suffered lost money or property as a result of these violations because: (a) they would not have purchased Parkay Spray on the same terms if the true facts concerning this product had been known; (b) they paid a premium due to the false representations about the products; and (c) Parkay Spray is not "fat free", "zero calories" or "0 fat."

103.    As a result of these violations, Defendant has caused and continues to cause actual damage to Allen and members of the Subclass and, if not stopped, will continue to harm them.

104.    On March 21, 2013, Allen commenced an action for injunctive relief under the CLRA.  In accordance with Cal. Civil Code § 1780(a), Allen and members of the Subclass sought and continue to seek injunctive and equitable relief for Defendant's violations of the CLRA.  In addition, having mailed appropriate notice and demand in accordance with Cal. Civil Code § 1782(a) & (d), Allen hereby amends the original Complaint to include a request for damages.  In particular, pursuant to and in accordance with §1782, Allen sent written notice to Defendant via certified mail, received by Defendant on March 25, 2013, addressing the alleged violations under CLRA §1770 as detailed in the original Complaint (based on the marketing, labeling, and sale of Parkay Spray as 0 fat and 0 calorie), demanding that Defendant reimburse Allen and class members for the alleged violations of §1770, and demanding that Defendant notify class members of the lawsuit.  Within 30 days of receiving Allen's notice, Defendant failed to make the appropriate reimbursements or other remedies requested by Allen, and Defendant failed to agree to give the requested remedies within a reasonable time.  Furthermore, Defendant failed to identify similarly-situated consumers who purchased Parkay Spray; Defendant failed to notify such consumers that upon their request Defendant shall make the appropriate reimbursement or other remedy; Defendant did not give the reimbursements or notice requested on behalf of such consumers, and Defendant did not offer to do so in a reasonable time.  Further, Defendant did not cease from engaging in the alleged CLRA violations, and Defendant did not agree to do so in a reasonable time.  Accordingly, Allen now amends her Complaint to include a request for damages under the

CLRA, and Plaintiff seeks all relief authorized under Civil Code § 1780, including attorneys' fees and costs, as requested more fully in the Prayer for Relief.

105. Allen includes an affidavit with this Complaint that shows venue in this District is proper, to the extent such an affidavit is required by CAL. CIV. CODE § 1780(d) in federal court.

## SIXTH CAUSE OF ACTION

### Violation of the California Unfair Competition Law

### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

106. Plaintiffs reallege and incorporate by reference all paragraphs alleged herein.

107. Allen brings this claim individually and on behalf of the California Subclass.

108. California Business and Professions Code § 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice." ConAgra has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL.

109. ConAgra has violated the unlawful prong by its violation of the CLRA described above.

110. ConAgra has violated the fraudulent prong of section 17200 because the misrepresentations and omissions regarding the nutritional content of Parkay Spray as set forth in this Complaint were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

111. ConAgra has violated the unfair prong of section 17200 because the acts and practices set forth in the Complaint offend established public policy and because the harm they cause to consumers greatly outweighs any benefits associated with those practices. ConAgra's conduct has also impaired competition within the butter-substitute market and has prevented Allen from making fully informed decisions about whether to purchase Parkay Spray and/or the price to be paid. Defendant's conduct also offends established public policy.

112. Plaintiffs suffered injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful and/or deceptive practices. As set forth in the allegations concerning Allen, in purchasing Parkay Spray the Allen relied on the misrepresentations and

omissions of ConAgra. Had the she known the truth about Parkay Spray's fat and calorie content, she would not have purchased Parkay Spray and/or paid as much for it.

113. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated throughout the State of California.

114. Allen requests that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing their unfair, unlawful, and/or deceptive practices and to restore to Allen and members of the Subclass any money ConAgra acquired by unfair competition, as provided in CAL. BUS. & PROF. CODE § 17203, and for such other relief set forth below.

## SEVENTH CAUSE OF ACTION

### Violation of the Consumer Protection Acts of the Various States

115. Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

116. Plaintiffs bring this claim individually, on behalf of the Nationwide Class, and on behalf of the Subclasses.

117. By mislabeling and selling Parkay Spray as "fat-free" "0 calories and "0 fat" when in fact it is not, Defendant has engaged in unfair competition or unlawful, unfair, misleading, unconscionable, or deceptive acts in violation of the state consumer statutes below:

118. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code. §§8.19-1, *et seq*.

119. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. Code §§ 45.50.471, *et seq*.

120. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat §§ 44-1522, *et seq*.

121. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code Ann. §§ 4-88-107, *et seq*.

122. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. §§ 6-1-101, *et seq*.

123.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. §§ 42-110b, *et seq.*

124.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Del. Code Ann. tit. 6, §§ 2511, *et seq.*

125.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code Ann. §§ 28-3901, *et seq.*

126.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. Ann. §§ 501.201, *et seq.*

127.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Code Ann. §§ 10-1-392, *et seq.*

128.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. §§ 480, *et seq.*

129.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code §§ 48-601, *et seq.*

130.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 Ill. Comp. Stat. 505/1, *et seq.*

131.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. §§ 24-5-0.5-1, *et seq.*

132.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code §§ 714.16, *et seq.*

133.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. §§ 50-623, *et seq.*

134.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat.  Ann. §§ 367.110, *et seq.*

135.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. §§51:1404, *et seq.*

136.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Me. Rev. Stat. tit. 5, §§ 205-A, *et seq.*

137.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Code. Ann., Com. Law §§ 13-101, *et seq*.

138.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. Laws ch. 93A §§ 1, *et seq*.

139.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Comp. Laws §§ 445.901, *et seq*.

140.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. §§ 8.31, *et seq*.

141.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. §§ 75-24-3, *et seq*.

142.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mo. Rev. Stat. §§ 407.010 *et seq*.

143.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code Ann. §§ 30-14-101, *et seq*.

144.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. §§ 59-1601, *et seq*.

145.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. §§ 598.0903, *et seq*.

146.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. Ann. §§ 358-A:1, *et seq*.

147.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. §§ 56:8-1, *et seq*.

148.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. §§ 57-12-1, *et seq*.

149.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law §§ 349, *et seq*.

150.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat §§ 75-1.1, *et seq*.

1    151.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

2    in violation of N.D. Cent. Code §§ 51-15-01, *et seq.*

3    152.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

4    in violation of Okla. Stat. tit. 15 §§ 751, *et seq.*

5    153.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

6    in violation of Or. Rev. Stat. §§ 646.605, *et seq.*

7    154.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

8    in violation of 3 PA. Cons. Stat. §§ 201-1, *et seq.*

9    155.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

10   in violation of R.I. Gen. Laws §§ 6-13.1-1, *et seq.*

11   156.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

12   in violation of S.C. Code §§ 39-5-10, *et seq.*

13   157.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

14   in violation of S.D. Codified Laws §§ 37-24-1, *et seq.*

15   158.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

16   in violation of Tenn. Code Ann. §§ 47-18-101, *et seq.*

17   159.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

18   in violation of Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq.*

19   160.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

20   in violation of Utah Code. Ann. §§ 13-11-1, *et seq.*

21   161.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

22   in violation of Vt. Stat. Ann. Tit. 9, §§ 2451, *et seq.*

23   162.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

24   in violation of Va. Code Ann. §§ 59.1-196, *et seq.*

25   163.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

26   in violation of Wash. Rev. Code §§ 19.86.010, *et seq.*

27   164.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

28   in violation of W. Va. Code §§ 46A-6-101, *et seq.*

165.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. §§ 100.18, *et seq*.

166.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. Ann. §§ 40-12-101, *et seq*.

167.    The acts, practices, misrepresentations and omissions by Defendant described above, and Defendant's dissemination of deceptive and misleading advertising and marketing materials concerning Parkay Spray, constitutes unfair competition and unfair or deceptive acts or practices within the meaning of each of the above-enumerated states, because each of these statutes generally prohibits deceptive conduct in consumer transactions.

168.    Defendant violated each of these statutes by representing that Parkay Spray contains "0 Fat" and "0 Calories" when, in fact, it is not.

169.    Plaintiffs and Class Members were injured as a direct and proximate result of Defendant's unfair, deceptive and/or unconscionable acts and practices, because: (1) Plaintiffs and the Class were induced to purchase a product they would not have otherwise purchased had they known its true composition, and (b) Plaintiffs and the Class were induced to pay substantially more for Parkay Spray than they would have paid if its true characteristics had not been concealed or misrepresented.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf all others similarly situated, respectfully requests that this Court enter a judgment against ConAgra and in favor of Plaintiffs, and grant the following relief:

A.    Determine that this action may be maintained as a Class action with respect to the Class and Subclasses identified herein and certify it as such under Rules 23(b)(2) and 23(b)(3), or alternatively certify all issues and claims that are appropriately certified, and designate and appoint Plaintiffs as Class Representatives and their counsel as Class Counsel;

B.    Declare, adjudge and decree the conduct of the Defendant as alleged herein to be unlawful, unfair and/or deceptive;

1     C.     Notify all Class and Subclass members of the truth regarding the fat and calorie

2 content of Parkay Spray;

3     D.     Award Plaintiffs, the Class, and Subclass members actual, compensatory damages,

4 as proven at trial;

5     E.     Award Plaintiffs, the Class, and Subclass restitution of all monies paid to Defendant

6 as a result of unlawful, deceptive, and unfair business practices;

7     F.     Award Plaintiffs, the Class, and Subclass members exemplary damages in such

8 amount as proven at trial;

9     G.     Award Plaintiffs and the Class and Subclass members reasonable attorneys' fees,

10 costs, and pre- and post-judgment interest; and

11     H.     Award Plaintiffs and the Class and Subclass members such other further and

12 different relief as the nature of the case may require or as may be determined to be just, equitable,

13 and proper by this Court, including without limitation an injunction precluding further sale of the

14 products unless and until they are labelled truthfully and nondeceptively with regard to the fat and

15 caloric contents.

16

17 **JURY TRIAL DEMAND**

18     Plaintiffs, by counsel, requests a trial by jury on his legal claims, as set forth herein.

19

20 DATED: July 9, 2018              GUTRIDE SAFIER LLP

21

22

23                        By:    /s/ Kristen Simplicio

24                        Kristen Simplicio

25                        100 Pine Street, Suite 1250

26                        San Francisco, California 94111
Telephone: (415) 639-9090
E-mail: kristen@gutridesafier.com

27

28

Ureka Idstrom
THE EUREKA LAW FIRM
5606 Belinder Road
Fairway, KS 66205
Telephone: (816) 665-3515
E-mail: uidstrom@eurekalawfirm.com

*Attorneys for Plaintiffs and the Proposed Class*

## DECLARATION RE CLRA VENUE

I, Erin Allen, do hereby declare and state as follows:

1.     I am a party plaintiff in *Allen on behalf of herself and all others similarly situated v. ConAgra Foods, Inc., a Delaware corporation*.  Pursuant to CAL. CIV. CODE § 1780(d), I make this declaration in support of the Class Action Complaint and the claim therein for relief under CAL. CIV. CODE § 1780(a).  I have personal knowledge of the facts stated herein and, if necessary, could competently testify thereto.

2.     This action for relief under CAL. CIV. CODE § 1780(a) has been commenced in a county that is a proper place for trial of this action because ConAgra does business throughout the State of California.


This declaration is signed under penalty of perjury under the laws of the State of California this 20th day of March, 2013.

_____
Erin Allen

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28