UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN ALLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant. | Case No. 3:13-cv-01279-WHO<br><br>**ORDER DENYING MOTION TO CERTIFY DECEMBER 10, 2018 ORDER FOR INTERLOCUTORY REVIEW**<br><br>Re: Dkt. Nos. 184, 198, 233 |

## INTRODUCTION

In this case, a proposed nationwide class of plaintiffs argues that defendant ConAgra Brands, Inc. ("ConAgra") deceptively labels and markets Parkay Spray by using artificially small serving sizes that misrepresent its actual fat and calorie content. Before me is ConAgra's request that I certify an interlocutory review of my December 10, 2018 Order on its motion to dismiss ("December 10 Order"). I conclude that ConAgra has failed to identify a pure question of law and an interlocutory appeal would further protract this already-protracted litigation. Accordingly, I will deny the motion.

## BACKGROUND[1]

On March 21, 2013, Erin Allen filed a complaint proposing a nationwide putative class of people who purchased Parkay Spray because ConAgra's deceptive labeling and marketing made them believe it was a fat- and calorie-free alternative to butter. *See generally* Complaint [Dkt. No. 1]. The Honorable Jon S. Tigar denied ConAgra's initial motion to dismiss on September 3, 2013.

---

[1] I summarized the facts of this case in more detail in the December 10, 2018 Order on Motion to Dismiss Amended Complaint. *See* December 10 Order [Dkt. No. 231].

1  Dkt. No. 41. ConAgra then requested that he certify that order for interlocutory review. Dkt. No.
2  47. Judge Tigar denied the motion, concluding that "it [was] clear ConAgra [sought] to appeal the
3  Court's application of the relevant federal regulations to the facts alleged by Plaintiff."[2]  Order
4  Denying Motion Requesting Certification of Issue for Immediate Appeal ("Tigar Interlocutory
5  Appeal Order") [Dkt. No. 55].

After a lengthy stay, a second amended complaint, and seven additional named plaintiffs, ConAgra brought a renewed motion to dismiss on October 12, 2018. Dkt. No. 222. On December 10, 2018, I granted in part and denied in part that motion. December 10 Order [Dkt. No. 231]. As relevant for the motion before me now, I determined that the federal regulations governing food labeling do not preempt the plaintiffs' claims. *Id.* at 15. I concluded, "[P]laintiffs have adequately alleged that Parkay Spray is imitation butter and belongs in the same reference amount category as butter," rather than the spray type fat and oil category. *Id.* As a result, plaintiffs do not seek to impose different requirements than the federal regulations do, and their claims are not preempted. *See id.* at 14–15. ConAgra now asks that I amend the December 18 Order to add language certifying it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Motion to Certify ("Mot.") [Dkt. No. 233].

**LEGAL STANDARD**

Appellate review before a final judgment is appropriate "only in exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). For the court of appeals to have jurisdiction over an interlocutory appeal, the order must involve: (i) a controlling question of law; (ii) substantial grounds for difference of opinion; and (iii) a likelihood that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Section 1292 "was not intended merely to provide review of difficult rulings in hard cases." *Id.* Certification is at the discretion of the district court. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

---

[2] Judge Tigar found that ConAgra met the requirements of material advancement and substantial ground for difference of opinion. Tigar Interlocutory Appeal Order 3–4.

**DISCUSSION**

I find that ConAgra has not met its burden to show entitlement to this extraordinary remedy because two of the three requirements are not satisfied. At the end of this Order, I will also address the schedule for plaintiffs' motion for class certification. *See infra* Section II – Motion for Class Certification Schedule.

**I. MOTION TO CERTIFY INTERLOCUTORY APPEAL**

Interlocutory review is not appropriate because while there is substantial ground for a difference of opinion, ConAgra seeks review of a mixed question of law and fact, and an appeal would not materially advance the litigation.

**A. Controlling Question of Law**

A question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of the litigation." *In re Cement Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). This requirement helps ensure that section 1292(b) interlocutory appeals occur "sparingly and only in exceptional cases" as Congress intended. *See id.* at 1027. Whether the district court "articulate[d] the appropriate standard of conduct" under a federal regulation is a question of law. *Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993) (analyzing whether the district court correctly interpreted the meaning of "vigilance"). But "[w]hether the district court erred in applying the regulatory standard to the facts of [a] case . . . is a mixed question of law and fact." *Id.* (finding jurisdiction over the mixed question because the appeal also involved a pure legal question).

ConAgra asserts that, as in *Steering Committee*, it seeks review of a question of law, namely my interpretation of 21 C.F.R. § 101.12, and that the Ninth Circuit will simultaneously have jurisdiction over any mixed questions its appeal presents. Mot. 8. But its motion shows that "it is not appealing this Court's statement of the relevant standards." *See* Opposition [Dkt. No. 236] 6. Instead, ConAgra seeks review of my *application* of the relevant standards to the facts alleged by plaintiffs. ConAgra's attempts to articulate a purely legal question make clear that, however formulated, it is not possible to separate the facts of this case from any question it wants the Ninth Circuit to answer. *See* Mot. 10 (articulating the question as "whether a spray-dispensed,

3

oil-based product is properly classified as a 'spray type' oil under § 101.12"); *id.* at 9 (noting that the question it wants reviewed "*relates to* the manner in which a federal regulation is to be interpreted") (emphasis added).

ConAgra argues that I "implicitly" interpreted the word "imitation" in a way that contravenes the regulatory definition. Mot. 1, 6. I did not, and neither did the parties brief that question of interpretation. ConAgra also argues that I made a "finding" that Parkay Spray is imitation butter. *Id.* at 6. Not so. I concluded preemption was not appropriate because the plaintiffs adequately *alleged* that Parkay Spray belongs in the same reference amount category as butter and thus that it fails to comply with the applicable regulation. December 10 Order 15. The facts alleged in the complaint cannot be extricated from my discussion or from any conclusion I reached. Accordingly, the Ninth Circuit would lack jurisdiction over any interlocutory appeal of the December 10 Order.

### B. Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists where "novel and difficult questions of first impression are presented" on which "fair-minded jurists might reach contradictory conclusions." *Reese v. BP Exploration (Ak.) Inc.*, 643 F.3d 681, 688 (9th Cir. 2001). Some examples of substantial ground for difference of opinion include cases in direct conflict with the holding in the Order sought for interlocutory review, or a split in authority on the questions posed. *See Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST, 2014 WL 4244045, at *2 (N.D. Cal. Aug. 25, 2014). "A party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

ConAgra argues that a 2014 ruling from this district shows that there is substantial ground for difference of opinion on these questions. *See* Mot. 11–12; *Pardini v. Unilever United States, Inc.*, No. 13-1675 SC, 2014 WL 265663, at *6 (N.D. Cal. Jan. 22, 2014). In *Pardini*, the Honorable Samuel Conti concluded that similar claims about I Can't Believe It's Not Butter! Spray were preempted because the product was labeled as a spray-type fat and oil in compliance with federal law. *Id.* at *5–*6. Plaintiffs counter that a Ninth Circuit case decided after *Pardini*

4

shows that there is no such ground for difference of opinion. *See Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 664–65 (9th Cir. 2014). The plaintiffs in *Lilly* argued that the sunflower seed's label misrepresented the sodium content because it did not include the sodium from the shell. *Id.* at 664. ConAgra argued that the label complied with federal regulations, which required only the sodium content of edible portions of the food—and therefore not the shells. *Id.* at 665. The Ninth Circuit concluded that the plaintiffs' claims were not preempted because the shell *coatings* were edible, and so a ruling requiring their sodium content under state law would not impose any different requirements than the federal regulations. *Id.* at 665.

I disagree with plaintiffs that the Ninth Circuit's decision in *Lilly* necessarily means that there is no substantial ground for a difference of opinion in the instant case. While the Ninth Circuit concluded—as I did—that the plaintiffs' claims were not preempted, it did so in the context of different requirements and a different product. By contrast, the *Pardini* decision involved the same requirements and a similar product. Given that decision, I conclude there is substantial ground for a difference of opinion here.

### C. Material Advancement

An appeal must be "likely to materially speed the termination of the litigation." *Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-cv-02182-RS, 2016 WL 777775, at *3 (N.D. Cal. Feb. 29, 2016). Considering the effect of a reversal in the case, an interlocutory appeal materially advances the termination of the litigation where it "promises to advance the time for trial or to shorten the time required for trial." *Dukes v. Wal-Mart Stores, Inc.*, 01-cv-02252-CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012) (quoting 16 Federal Practice & Procedure § 3930 at n. 39 (2d ed.)). "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Id.* (internal quotation marks and formatting omitted).

Although plaintiffs do not oppose ConAgra's arguments on this factor, I cannot agree that an appeal would materially advance the ultimate termination of this litigation. It would certainly not accelerate trial court proceedings. Nearly six years have passed since Allen initiated this case. Neither forging ahead with the case pending appeal nor staying it pending a Ninth Circuit ruling

would "minimize the total burdens of litigation on parties and the judicial system." *See Dukes*, 2012 WL 6115536, at *5. In addition, plaintiffs' motion for class certification is set for argument in May. *See id.* (noting the forthcoming class certification motion could dispense with class claims just as an interlocutory appeal could). I find that an appeal at this stage would not materially advance this litigation.

## II. MOTION FOR CLASS CERTIFICATION SCHEDULE

On July 9, 2018, Plaintiffs filed a motion for class certification and a related motion to seal. Dkt. Nos. 184, 198. Since that time, I have granted plaintiffs' motion for leave to amend their complaint and add seven new named plaintiffs. *See* Dkt. Nos. 213, 214. I amended the class certification briefing schedule to allow ConAgra an opportunity to file a motion to dismiss the second amended complaint, and I have since ruled on that motion. *See* Dkt. No. 219.

Given these developments, plaintiffs' motion for class certification and related motion to seal shall be terminated as moot. Plaintiffs shall file a renewed motion for class certification on or by March 1, 2019. The remainder of the briefing schedule shall remain consistent with docket number 219 (Opposition: April 1, 2019; Reply: May 1, 2019; Hearing: May 15, 2019).

## CONCLUSION

For the foregoing reasons, ConAgra's motion to certify the December 10 Order is DENIED, and the February 13, 2019 hearing on that motion is VACATED. The motions at docket numbers 184 and 198 are TERMINATED.

**IT IS SO ORDERED.**

Dated: February 5, 2019

William H. Orrick
United States District Judge