UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN ALLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant. | Case No. 3:13-cv-01279-WHO<br><br>**ORDER DISMISSING NON-CALIFORNIA NAMED PLAINTIFFS' CLAIMS AND DECERTIFYING CLASSES**<br><br>Re: Dkt. Nos. 231, 267, 276 |

This case is about the allegedly misleading calorie count listed on the label of Conagra Brands, Inc.'s product Parkay Spray. Although California plaintiff Erin Allen initiated this action in 2013, the non-California named plaintiffs whose claims are before me now became part of it only one year ago. In the wake of my order denying certification of a nationwide class, Conagra asks that I reconsider my decision to exercise pendent personal jurisdiction over the claims by non-California named plaintiffs. I agree that reconsideration is necessary. For the reasons set forth below, I will dismiss the claims of the non-California named plaintiffs and decertify the classes they represented.

## BACKGROUND

This case has a lengthy background that I have outlined in several prior orders. Here I will detail the information necessary to understand where the case and the parties find themselves now. On March 21, 2013, plaintiff Erin Allen filed a complaint proposing a nationwide putative class of people who purchased Parkay Spray believing it to be a fat- and calorie-free alternative to butter. After a series of orders by judges who were previously assigned to this case, it was stayed pending Ninth Circuit decisions on certain issues in other cases. *See* Dkt. Nos. 41, 150, 152. I granted the parties' stipulation to lift the stay at the end of 2017, and in September 2018 I granted Allen's

motion for leave to amend her complaint to add seven additional named plaintiffs from states other than California. Dkt. Nos. 171, 213.

On December 10, 2018, I denied in part Conagra's motion to dismiss. Motion to Dismiss Order ("MTD Order") [Dkt. No. 231]. I rejected Conagra's argument that there was no personal jurisdiction over it when it came to the claims brought by non-California named plaintiffs. *Id.* at 4-13. First I addressed the argument that under the Supreme Court's decision in *Bristol–Myers*, the non-California named plaintiffs could not pursue their claims in California because there is no general jurisdiction over Conagra in this state. *See id.* at 7-12; *Bristol–Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). After describing the that decision, I addressed the two main arguments for why *Bristol–Myers* should not apply to the case before me: (i) the state v. federal court distinction and (ii) the mass v. class action distinction. I questioned the merit of the former distinction where jurisdiction was based on diversity rather than the presence of federal claims, but I determined that the latter distinction was sufficient. *Id.* at 8-10. The Supreme Court's decision rested on "settled principles regarding specific jurisdiction" and overturned no Ninth Circuit authority. *See id.* at 11 (quoting *Bristol–Myers*, 137 S. Ct. at 1781). I concluded that "the Court could not have intended, in a sideways manner, to so drastically alter class action plaintiffs' ability to choose their forum." *Id.* at 12. I further noted that Federal Rule of Civil Procedure 23 requirements provided substantial safeguards for defendants. *Id.*

I then proceeded to analyze whether there were grounds to assert personal jurisdiction over the nonresident named plaintiffs' claims.[1] *Id.* Relying on *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174 (9th Cir. 2004) and *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018), I decided to exercise pendent personal jurisdiction over them. MTD Order

---

[1] I cited the following three-part test for specific jurisdiction in the Ninth Circuit: "(1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotation marks and citations omitted).

12-12. I noted that Judge Chen had decided to exercise jurisdiction over the out-of-state named plaintiffs' claims because the case "was a putative nationwide class action and there would be only a *de minimis* burden on the defendant, who would otherwise face piecemeal litigation." *Id.* at 13 (citing *Sloan*, 28 F. Supp. 3d at 861–62).

The plaintiffs then moved for class certification, and on June 22, 2019, I denied plaintiffs' motion to certify a nationwide class to pursue unjust enrichment claims. Class Certification Order [Dkt. No. 267] 11-13. I certified two multistate subclasses and four individual state classes. *Id.* at 42-43.

On August 5, 2019, plaintiffs filed a motion for reconsideration, asking that I modify my Class Certification Order in three respects.[2] Dkt. No. 268. I called for a response from Conagra, and in that response Conagra not only opposed plaintiffs' request but also argued that I should reconsider my December 2018 Order denying its motion to dismiss for lack of personal jurisdiction over non-California named plaintiffs' claims. Dkt. No. 271.

Seeing a need for additional briefing in light of the evolution of the case, I directed Conagra to file a motion for reconsideration. Dkt. No. 275. Conagra did so on September 4, 2019, and I heard argument on October 9, 2019. Motion for Reconsideration ("Mot.") [Dkt. No. 276].

**LEGAL STANDARD**

Prior to entry of a final judgment, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time." Fed. R. Civ. P. 54(b). Rule 54(b) gives district courts "complete power over non-final orders and may vacate or revise them at any time, if doing so would be consonant with equity." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058 JST, 2017 WL 2481782, at *5 (N.D. Cal. June 8, 2017); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

---

[2] That motion is DENIED.

3

**DISCUSSION**

Conagra argues that I should dismiss the claims by the non-California named plaintiffs and decertify the classes they represented. Without a nationwide class, pendent personal jurisdiction is no longer appropriate. Plaintiffs argue that my prior Order should stand, but even if I agree with Conagra that there is no personal jurisdiction, I should transfer the nonresidents' claims instead of dismissing them.

**I. PERSONAL JURISDICTION**

A review of my Motion to Dismiss Order clearly shows that the subsequent developments in this case have undermined the basis for asserting personal jurisdiction over nonresidents' claims.[3] Whether or not *Bristol–Myers* applies to actions in federal court—including those involving no federal claims[4]—there must be a basis to assert personal jurisdiction over the named plaintiffs to a case. There is no dispute that general jurisdiction over Conagra lies in Illinois, not in California. Accordingly, each named plaintiff must satisfy the requirements of specific personal jurisdiction.

In deciding to exercise pendent personal jurisdiction over the non-California named plaintiffs' claims, I relied on Judge Chen's decision in *Sloan*, where he gave three reasons for his conclusion. *See Sloan*, 287 F. Supp. 3d at 861. First, the case was a putative nationwide class action. *Id.* Second, there would be only a *de minimis* burden on [the defendant] to have to defend against "5 additional Plaintiffs asserting claims under the laws of 2 additional states." *Id.* at 861-62. Third, pendent personal jurisdiction would avoid piecemeal litigation and inconsistent outcomes. *Id.* at 862.

---

[3] Plaintiffs argue that nothing has changed; "[a]ll of the *Sloan* factors are still present here and support the exercise of pendent personal jurisdiction." Opposition ("Oppo.") [Dkt. No. 277] 8. That is clearly not the case.

[4] Most courts that have declined to apply *Bristol–Myers* to class actions have done so in part because of the presence of a federal claim. *See Sloan*, 287 F. Supp. 3d at 859 (declining to apply *Bristol–Myers* in the presence of a federal claim but not addressing the question of its application to a class action proceeding pursuant to diversity jurisdiction); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-CV-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) ("Plaintiffs identify no authority where a court has determined that *Bristol-Myers* does not apply to a named plaintiff seeking to represent a statewide class of non-forum residents proceeding under non-forum law.").

Now that plaintiffs have failed to achieve certification of a nationwide class, the foundation for my decision to exercise of pendent personal jurisdiction is no longer present. The potential for greater efficiency and the avoidance of piecemeal litigation are not enough. It is no longer appropriate to allow the non-California plaintiffs to proceed in this Court; I will dismiss their claims.

## II. PLAINTIFFS' REQUEST FOR A PARTIAL TRANSFER

28 U.S.C. Section 1631 provides that a court "shall, if it is in the interest of justice," transfer an "action" upon determining that there is "a want of jurisdiction." 28 U.S.C.A. § 1631. "[T]he purpose of the transfer statute is to aid litigants who were confused about the proper forum for review." *Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001) (internal quotation marks and citations omitted).

Plaintiffs argue that I should transfer part of this action—namely, the claims of the non-California named plaintiffs—to Illinois, where there is general jurisdiction over Conagra. Conagra argues that I should deny plaintiffs' request to transfer because (i) Section 1631 applies only to subject matter jurisdiction, not personal jurisdiction, (ii) Section 1631 allows transfer only of an entire action, not part of an action, and (iii) transfer is not in the interest of justice. Reply [Dkt. No. 278] 8-15.

I agree with Conagra that transfer is not appropriate here. There is little citable Ninth Circuit authority addressing the question of Section 1631's applicability to issues of personal jurisdiction. *See Quicksilver Air, Inc. v. Helicopter Engine Repair Overhaul Servs., Inc.*, No. 3:12-CV-06, 2013 WL 12122582, at *6 (D. Idaho Jan. 18, 2013) (noting that "[a] number of pre-2007 unpublished Ninth Circuit cases direct district courts to transfer cases under § 1631 after finding a lack of personal jurisdiction"). Published Ninth Circuit authority suggests that the statute is limited to subject matter jurisdiction. *See Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989) ("Section 1631 authorizes federal courts to transfer appeals in civil actions in order to cure a lack of subject matter or appellate jurisdiction."); *Gherebi v. Bush*, 352 F.3d 1278, 1302 n.30 (9th Cir. 2003) ("§ 1631 relates to subject matter jurisdiction."), *cert. granted, judgment vacated,* 542

U.S. 952 (2004).[5] Citing Section 1631's legislative history, a leading treatise reached the same conclusion. *See* 15 Wright, Miller, Cooper, Steinman, Struve and Amar, Federal Practice & Procedure, § 3842 (3rd ed. 2012) ("The legislative history of the statute [28 U.S.C. 1631], as embodied in the Senate Report accompanying it, is quite clear that Section 1631 was intended to apply only to situations in which a court lacked subject matter jurisdiction."). One court in the Ninth Circuit concluded from this evidence that the Ninth Circuit, which "generally agrees with the Wright and Miller treatise on a broad array of issues," would agree on this issue as well. *See Quicksilver*, 2013 WL 12122582, at *6.

This conclusion alone is enough to persuade me that transfer is not appropriate. Plaintiffs' request rests on shaky ground in two additional respects. First, it is not clear whether Section 1631 permits partial transfer. The Ninth Circuit has not decided this question, but some courts in the Ninth Circuit have relied on the plain language of the statute to conclude that only entire actions may be transferred. *See, e.g.*, *Banister v. United States*, No. 09-cv-0172, 2010 WL 11509039, at *2 n.14 (C.D. Cal. Jan. 26, 2010) ("The plain language of section 1631 refers to 'actions,' not individual claims, a fact the court finds conclusive."); *Taati v. Cigna Healthcare, Inc.*, No. 08-cv-5164, 2008 WL 11423917, at *6 n.31 (C.D. Cal. Sept. 19, 2008) ("The plain language of § 1631 references 'actions,' not individual claims.") (adopting the D.C. Circuit's position). Plaintiffs rely on a Federal Circuit decision relying on the language of another statute to conclude that Section 1631 permits partial transfer. *United States v. Cty. of Cook, Ill.*, 170 F.3d 1084, 1089 (Fed. Cir. 1999) (noting that 28 U.S.C. § 1292(d)(4)(A) references "granting or denying, in whole or in part," an action under Section 1631").

Finally, plaintiffs have not persuaded me that transfer is in the interest of justice. The non-California plaintiffs intervened in this case only one year ago, and there is no suggestion that the statute of limitations would bar them from re-filing their claims in a court that has personal jurisdiction over Conagra with respect to them.

---

[5] The Supreme Court granted a petition for writ of certiorari and vacated the judgment in light of *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), a case that does not address Section 1631.

6

## CONCLUSION

For these reasons, Conagra's motion for reconsideration is GRANTED. The claims by non-resident plaintiffs Ofelia Frechette, Shelley Harder, Deana Marr, Tammie Shawley, Brian Smith, and Betty Vazquez are DISMISSED. The following classes are DECERTIFIED:

- Subclass #2 (formerly #6): Indiana (Ind. Code § 24-5-0.5-3(a); Ind. Code § 24-5-0.5-3(b)(1), (2), (11)) and Wyoming (Wyo. Stat. Ann. § 40-12-105(a)(xv); Wyo. Stat. Ann. § 40-12-105(a)(i), (iii), (x)), class representatives Frechette and Harder.
- Individual Subclasses in the following states:
  - Michigan (Mich. Comp. Laws Ann. § 445.903(c), (e), (g)), class representative Smith.
  - Wisconsin (Wis. Stat. § 100.18), class representative Vazquez.
  - Illinois (815 Ill. Comp. Stat. Ann. § 505/2), class representative Vazquez.

**IT IS SO ORDERED.**

Dated: October 15, 2019

William H. Orrick
United States District Judge